[No. 20714.   Department One. — February 28, 1891.]

THE PEOPLE, RESPONDENT, v. HARVEY FOWLER, APPELLANT.

CRIMINAL LAW — INFORMATION. — An information is sufficient if it follows the language of the statute, and alleges all the acts and facts which the legislature has said shall constitute the offense, and is direct and certain as to the party to be charged and the particular offense charged.

ID. — ABDUCTION OF FEMALE CHILD — PROSTITUTION — CUSTODY OF CHILD. — An information which alleges that the defendant willfully, unlawfully, and feloniously took away a certain unmarried female, under the age of eighteen years, from the custody of her mother, without the consent and

against the will of her mother, for the purpose of prostitution, is sufficient, without an allegation that the mother had the legal charge of the person of the girl.

ID. — CUSTODY OF MOTHER — CONSENT OF FATHER TO ABDUCTION. — A mother, having the actual custody of a minor female, is bound to protect her person, and has the legal charge of her person, within the meaning of section 267 of the Penal Code, providing for the punishment of any person who takes away a minor female from the one having legal charge of her person, for the purpose of prostitution; and it is no defense to such charge that as between the mother and father the latter may have had the better right to the custody of the child, and may have given his consent to the abduction.

ID. — KNOWLEDGE OF AGE OF CHILD. — Under section 267 of the Penal Code, it is not necessary to allege in the information that the defendant knew that the girl was under eighteen years of age. One who violates that section acts at his peril, and cannot defend himself on the plea of ignorance as to the age of the child.

ID. — CONSTRUCTION OF PENAL CODE. — The provisions of the Penal Code are to be construed according to the fair import of their terms, with a view to effect their object and promote justice; and the rule that penal statutes are to be construed strictly does not apply to its provisions.

ID. — INFORMATION — MISPLACEMENT OF WORDS. — The fact that the concluding words of the information, " against the form of the statute," etc., are placed after, instead of before, a charge of prior conviction, is immaterial, the misplacement being a mere matter of form, not tending to the prejudice of any substantial right of the defendant.

ID. — APPEAL FROM JUDGMENT — PRESUMPTION OF CONSENT. — When the appeal is from the judgment only, without a bill of exceptions, any action of the trial court complained of, which may have been done with the consent or at the request of the defendant, will not be reviewed.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Carroll Cook,* and *J. E. Foulds,* for Appellant.

*Attorney-General Johnson,* for Respondent.

PATERSON, J. — The information charges that the defendant, on the twelfth day of June, 1889, " did willfully, unlawfully, and feloniously take away one Rosa Keep, then and there being an unmarried female under the age of eighteen years, to wit, of the age of fourteen years,

from and out of the custody of Maria Keep, her mother, without the consent and against the will of her said mother, for the purpose of prostitution." Section 267 of the Penal Code provides: "Every person who takes away any female under the age of eighteen years from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable," etc. The information follows the language of the statute, and is sufficient. It alleges all the acts and facts which the legislature has said shall constitute the offense, and is direct and certain, both as to the party charged and the particular offense charged. These are the tests of sufficiency in matters of averment. It was not necessary to allege that the mother had the "legal charge" of the person of the girl. One who takes a minor female from the actual custody of her mother for the purpose of prostitution should not be heard to say that as between the mother and the father the latter may have had the better right to the custody of the child, and may have given his consent. So long as the child was in the actual custody of the mother, the latter was bound by every principle of law, humanity, and parental care to protect her person, and had the legal charge of her person within the meaning of the statute. (Bishop on Statutory Crimes, sec. 633.)

It is claimed that the information is defective, because it is not alleged that the defendant knew the girl was under age. We think that under this statute the people are not bound to allege or prove that the defendant knew the girl was under eighteen years of age. "The gist of the offense is the taking away of the child against the will of the person having lawful charge of her, for the purpose of prostitution "; and one who does so acts at his peril, and cannot defend himself on the plea of ignorance as to the age of the child. (Bishop on Statutory Crimes, sec. 632.) The law was intended to protect

the family against the assaults of those who traffic in women for houses of prostitution, to save the members thereof from sorrow and disgrace; and the court ought to be careful not to construe the statute so as to deprive it of any element of effectiveness in this regard. (*People* v. *Demousset*, 71 Cal. 613.) Appellant urges that "penal statutes are to be construed strictly in those parts which are against defendants, but liberally in those which are in their favor." Such is always the contention made, and too often followed; but it is no longer the rule. In former days, when the law-maker acted upon the idea that penal legislation was an important factor in shaping the morals of the people, many acts trivial in their consequences were declared criminal, and cruel punishments (whipping, and even death) were imposed on conviction of offenses which are now regarded as mere misdemeanors. The courts, as conservators of the natural and inalienable rights of the citizen, found it expedient and just in the administration of the law to strictly construe the provisions of penal statutes, and to resolve every doubtful question of construction in favor of the person charged. But the reason for such a rule of construction is no longer existent, and in this state it has been repudiated by express legislative enactment. Section 4 of the Penal Code provides: "The rule of the common law that penal statutes are to be strictly construed has no application to this code. All its provisions are to be construed according to the fair import of its terms, with a view to effect its object and promote justice."

The concluding words of the information are evidently misplaced, and should have been inserted before instead of after the charge of prior conviction, but such misplacement, being a matter of mere form, "does not tend to the prejudice of the substantial right of the defendant," and is therefore immaterial. (Pen. Code, secs. 960, 1258; *People* v. *Biggins*, 65 Cal. 564.) It doubtless occurred through the use of a blank information with the

usual clause, *contra formam statuti.* The judgment is regular on its face (Pen. Code, sec. 1207), and the court properly took into consideration the prior conviction pleaded and confessed, as shown by the record. (*Ex parte Young Ah Gow*, 73 Cal. 438; *People* v. *Meyer*, 73 Cal. 548.) Other points made by appellant are not well taken, because the appeal is from the judgment only, and there is no bill of exceptions. Everything complained of may have been done with the consent or at the request of the defendant, in which event, of course, he could not be heard to complain. Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.