[No. 20905.   Department Two.—October 4, 1892.]

# THE PEOPLE, RESPONDENT, v. D. F. DOLAN, APPELLANT.

CRIMINAL LAW — REFUSAL TO ARREST JUDGMENT — NON-APPEALABLE ORDER. — An order denying a motion in arrest of judgment in a criminal action is not appealable.

ID. — DEFECT IN COMPLAINT — OATH ADMINISTERED BY CLERK OF POLICE COURT — SETTING ASIDE INFORMATION. — The validity of an information is not affected by a defect in the complaint filed against the defendant in the court of the committing magistrate; and it is not ground for setting aside the information that the magistrate, being a police judge, did not personally swear the complaining witness to the complaint, but that the oath was administered by the clerk of his court.

ID. — ORDER OF COMMITMENT — INDORSEMENT UPON COMPLAINT. — The filing of an order of commitment in due form with the clerk of the trial court, which refers to the complaint as "the within deposition," is a sufficient compliance with section 872 of the Penal Code, providing for the indorsement, by the committing magistrate, of a proper order of commitment upon the depositions.

ID. — ABDUCTION OF FEMALE CHILD — IGNORANCE OF AGE. — The gist of the offense of the abduction of a female less than eighteen years of age, under section 267 of the Penal Code, is the taking away of the child against the will of the person having lawful charge of her, for the purpose of prostitution; and one who does so acts at his peril, and cannot defend himself on the plea of ignorance as to the age of the child.

ID. — HABITS OF CHILD — ABSENCE FROM HOME AT NIGHT — EVIDENCE — IMPEACHMENT. — In a prosecution under section 267 of the Penal Code, evidence as to whether the female child abducted had the habit of not being home at night is immaterial, and it is not error to refuse to allow evidence to contradict immaterial testimony of her father as to her habits in that regard.

ID. — CONSENT OF CHILD — BELIEF OF FULL AGE. — The consent of the child is of no avail to the defendant if she is under age, notwithstanding the defendant bona fide believed, and had reasonable grounds for believing, that she was over age.

ID. — IMPANELING JURY — PEREMPTORY CHALLENGE OF PASSED JUROR. — In the impanelment of a jury in a criminal action, where the name of a juror has been passed by the people, and thereafter the defendant has exercised the right to challenge other jurors peremptorily, it is not prejudicial error for the court to allow the prosecution further to examine the juror who had been passed, and to challenge him peremptorily, if such juror has not been sworn, and the panel is not completed, and the challenges on the part of the people have not been exhausted.

ID. — PRESUMPTION AS TO CREDIBILITY OF WITNESS — DISPUTABLE PRESUMPTION — MODIFICATION OF INSTRUCTION. — An instruction to the jury, requested by the defendant, that "every witness, the defendant included (if called as a witness), is presumed to speak the truth, and the jury are bound to remember such presumption in determining the facts admitted to them for their consideration," is properly qualified by the court by

adding that "this presumption is a disputable one, and is not conclusive upon you. You are the sole and exclusive judges of the credibility of the witnesses, and of the weight to be given to the testimony of each. In determining the weight of the testimony, you have the right to take into consideration the interest, if any, which the witness may have in the result of the trial, his conduct on the stand, his general appearance and demeanor before you, and whether or not it is such as convinces you that he is speaking the truth, or otherwise."

Id. — REASONABLE DOUBT — OPPOSING CONCLUSIONS FROM EVIDENCE — INSTRUCTION. — An instruction to the jury in a criminal proceeding, that "if one set or chain of circumstances leads to two opposing conclusions, one or the other of such conclusions must be wrong, and therefore if in such a case you have any reasonable doubt as to which of said conclusions the chain of circumstances leads, a reasonable doubt would be thereby created, and you should give the defendant the benefit of the doubt, and acquit him," states the law correctly.

Id. — CHARACTER OF DEFENDANT. — It is not error of which the defendant can complain, for the trial court to charge the jury that the defendant, when a witness in his own behalf, having introduced no evidence of his good character, is not to be assailed by the prosecution being permitted to introduce proof of his general bad character.

APPEAL from a judgment of the Superior Court of Sacramento County, from an order denying a new trial, and from an order denying a motion in arrest of judgment.

The facts are stated in the opinion.

*Carroll Cook*, and *J. E. Foulds*, for Appellant.

*Attorney-General W. H. H. Hart*, and *Deputy Attorney-General William H. Layson*, for Respondent.

FOOTE, C. — The defendant was convicted of the abduction of a female, under section 267 of the Penal Code. From the judgment rendered, and from an order refusing a new trial, and also from an order refusing to grant a motion in arrest of judgment, he appeals.

No appeal lies from the order last mentioned. (*People v. Markham*, 64 Cal. 157; 49 Am. Rep. 700.)

One of the material points made for the reversal of of the judgment and order is, that the magistrate before whom the preliminary examination was had after the defendant's arrest did not himself swear the complain-

ing witness to the complaint filed against the defendant in the magistrate's court.

The magistrate was the judge of the police court of Sacramento, and the affidavit to the complaint was taken by the clerk of that court. Even if it be admitted that such clerk had no power to take the affidavit or oath, we do not see how that affects the question of the validity of the information, which, upon this as one ground urged by the appellant, the superior court refused to set aside. For it was said by the appellate court in *People* v. *Velarde*, 59 Cal. 457: "The regularity of the proceeding by information did not therefore depend in any manner upon the affidavit on which the warrant of arrest was issued, and had no connection with it."

If the affidavit or deposition of the informant or prosecutor under section 811 of the Penal Code, or the sworn complaint which it is the usual practice to demand of the informant or prosecutor, has no connection with the information, we do not perceive how this defect can affect the validity of the information filed in this case, if in other respects the committing magistrate has proceeded properly.

It is further claimed in support of appellant's contention, that the magistrate did not make a proper order of commitment, because he made no such order on any deposition which was valid. It seems that an order of commitment in due form was made in writing, and filed with the clerk of the superior court with the other papers, which referred to the complaint as "the within deposition." This seems to have been held as sufficient to meet the requirements of section 872 of the Penal Code, in *People* v. *Wilson*, 93 Cal. 377.

The appellant also contends that the complaint is defective in not stating any public offense, or facts sufficient to constitute the public offense for which the defendant was committed, and this he claims, as we understand, to be a jurisdictional matter upon which the information should have been set aside. But the appellate court, as we have seen, does not coincide with appellant's view of

the law, and besides, under the rule announced in *People* v. *Fowler*, 88 Cal. 138, the complaint did sufficiently charge the offense described in section 267 of the Penal Code. " The gist of the offense is the taking away of the child against the will of the person having lawful charge of her, for the purpose of prostitution; and one who does so acts at his peril, and cannot defend himself on the plea of ignorance as to the age of the child. (*People* v. *Fowler*, 88 Cal. 138.)

This language of the appellate court is not only deci-· sive of the question of the insufficiency of the complaint, but it also disposes of the argument of defendant that the court should have permitted evidence to go to the jury as to the habits of the child in not being at home at night, contradictory of what her father had testified was her habit. If this was not the fact, and the father had testified to what was not so, as to her habits, it was not matter of impeachment, because whether she stayed at home or wandered abroad at night could not affect the material questions at issue, under section 267 of the Penal Code. For if she was a girl of exemplary or bad habits, or if her father represented her to be of good habits when she was not, these things did not affect the question as to whether or not she was taken off while under the age of eighteen years, for purposes of prostitution, without the consent of her parents.

The point is also made, that as to the juror Slaughter, the people erroneously exercised the right of peremptory challenge, under the provisions of section 1088 of the Penal Code.

It seems that the name of Slaughter was drawn from the jury-box, and he was passed by the people, and then the defendant exercised the right to challenge four jurors peremptorily, whereupon Slaughter, not having been sworn, and the panel uncompleted, the people asked the right further to examine the juror, and then challenged him peremptorily, which was objected to by defendant.

We do not see how the defendant's rights were mate-

rially affected. He had all the jurors that had not been properly challenged presented him, and he did not challenge the juror Slaughter, and if after that the people exercised a peremptory challenge, when such challenges on their part were not exhausted, how could the defendant be injured? We do not perceive that the case cited on this point (*People* v. *McCarthy*, 48 Cal. 558) supports the contention of defendant.

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." (Penal Code, sec. 1404.)

There is much said by defendant's counsel about the admission and rejection of certain evidence. We have given the whole matter thorough examination, but can perceive no prejudicial error in these regards.

The cause was tried by the jury, and upon sufficient evidence, as we think, they convicted the defendant, and that is all that need be said upon the argument made that the evidence does not sustain the verdict.

It is assigned for error that the court did not give, as requested, the tenth instruction asked for by the defendant. That instruction runs thus: "If one set or chain of circumstances leads to two conclusions, one or the other of such conclusions must be wrong, and therefore, in such a case, there must be a reasonable doubt, and the defendant should be acquitted."

In lieu of that the court gave this instruction: If one set or chain of circumstances leads to two opposing conclusions, one or the other of such conclusions must be wrong, and therefore if in such a case you have any reasonable doubt as to which of said conclusions the chain of circumstances leads, a reasonable doubt would be thereby created, and you should give the defendant the benefit of the doubt, and acquit him."

It must be apparent at a glance that the instruction

as given was clearer than the one proposed, and stated the law correctly.

It is further claimed that instruction 24 asked by defendant should have been given as requested. It ran thus: "Every witness, the defendant included (if called as a witness), is presumed to speak the truth, and the jury are bound to remember such presumption in determining the facts admitted to them for their consideration." To which the court added this: "But this presumption is a disputable one, and is not conclusive upon you. You are the sole and exclusive judges of the credibility of the witnesses, and of the weight to be given to the testimony of each. In determining the weight of the testimony, you have the right to take into consideration the interest, if any, which the witness may have in result of the trial, his conduct on the stand, *his general appearance and demeanor before you,* and whether or not it is such as convinces you that he is speaking the truth, or otherwise."

There appears to be nothing in this act of the court to condemn.

The refusal of the court to give the twenty-eighth and twenty-ninth instructions asked by defendant were warranted, for the reasons given by that tribunal, under the circumstances, as they appear in the record.

We do not observe any error in the court's charge that the defendant, when a witness in his own behalf, having introduced no evidence of his good character, is not to be assailed by the prosecution being permitted to introduce proof of his general bad character. The charge was in favor of the defendant, and not against him.

Neither do we perceive any error in this instruction for the people, viz.: "You are instructed that the *child,* Kittie Sheridan (if she did consent), is of no avail to the prisoner if she is under age, notwithstanding that the defendant *bona fide* believed, and had reasonable grounds for believing, that she was over age."

There was no dispute but that the girl was under age, as we read the record, and counsel concede that this fact

was proven; and the defendant must, in a case of this sort, act at his peril in abducting a girl under age and cannot defend himself on the plea of ignorance as to her age.   (*People* v. *Fowler*, 88 Cal. 138.)

We have carefully examined the whole record, and the very voluminous brief of counsel for appellant, but we find no prejudicial error in the record, and advise that the judgment and order denying a new trial be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

.McFARLAND, J., SHARPSTEIN, J.

DE HAVEN, J., concurring.—I concur in the judgment. The court, at the request of defendant, instructed the jury as follows: —

" 7. Where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other reasonable hypothesis consistent with the proof.

" 8. Where circumstantial evidence alone is relied upon to sustain a criminal charge, the true rule is, that the proof ought not only to be consistent with the prisoner's guilt, but inconsistent with every other rational conclusion, and must exclude to a moral certainty every other hypothesis but the single one of guilt."

In view of these clear and explicit instructions, and which stated the law correctly upon the point to which they relate, I do not think it possible that the jury could have been misled by the tenth instruction as modified and given by the court.