[No. 21056.  Department One.—April 19, 1894.]

THE PEOPLE, RESPONDENT, *v.* H. L. PATTERSON, APPELLANT.

CRIMINAL LAW—INCEST—INDICTMENT AGAINST ONE PARTY.—The fact that the crime of incest may be a joint offense does not preclude an indictment or information against one of the parties, and his trial and conviction for the offense.

ID.—PLEADING—FOLLOWING LANGUAGE OF STATUTE.—In this state an indictment or information is sufficient, if the language of the statute is substantially followed, and the facts constituting the offense are stated in such a manner as to enable a person of common understanding to know what is intended.

ID.—EVIDENCE—DISTINCT OFFENSE.—While, as a general rule, testimony is not admissible which tends to prove a distinct and different offense to that for which the defendant is on trial, yet in cases where incest or adultery is charged, prior acts of sexual intercourse between the parties may be proven.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Bryon Ball,* and *R. L. Simpson,* for Appellant.

The crime of incest is a joint offense. (Pen. Code, sec. 285; Civ. Code, sec. 59; *State* v. *Jarvis,* 18 Or. 360; 20 Or. 437; 23 Am. St. Rep. 141; *People* v. *Barnes,* 48 Cal. 551; *People* v. *Lee Chuck,* 78 Cal. 329; *People* v. *Mitchell,* 62 Cal. 411; *People* v. *Lenon,* 79 Cal. 625; *People* v. *Benoit,* 97 Cal. 250; *State* v. *Bonsor,* 49 Kan. 758.) The testimony is wholly incompetent and insufficient to convict the defendant of incest as charged in the information. (*State* v. *Jarvis,* 18 Or. 360; 20 Or. 437; 23 Am. St. Rep. 141; *People* v. *Ames,* 39 Cal. 403; *People* v. *Thompson,* 50 Cal. 480; *People* v. *Kunz,* 73 Cal. 315; *People* v. *Lenon,* 79 Cal. 625; *People* v. *Benoit,* 97 Cal. 250.) The information is insufficient, as it charges the defendant alone with the commission of incest, instead of charging the commission of the crime against both parties. So far as the alleged illicit intercourse is concerned it was committed against her will, hence incest

is not charged. (Pen. Code, secs. 261, 285, 950, 951, 952, 954; *People* v. *Williams*, 35 Cal. 671; *People* v. *Martin*, 52 Cal. 201.) Both parties to the crime of incest are guilty, or neither is. The acquittal of one of the parties would be a bar to the trial of the other. (Pen. Code, sec. 285; Civ. Code, sec. 59; *State* v. *Jarvis*, 18 Or. 360; 20 Or. 437; 23 Am. St. Rep. 141.) Not only is it necessary to charge the prohibited relationship, but it is also necessary to charge that they committed the act freely and voluntarily with each other. (Pen. Code, 950, 951, 952; *State* v. *Fritts*, 48 Ark. 66; 2 S. W. Rep. 256.) And the testimony of the prosecutrix disclosed that if any offense was committed, that offense was not incest, and this defendant could not be convicted of incest under the testimony in this case. (*State* v. *Jarvis*, 20 Or. 437; 23 Am. St. Rep. 141; *People* v. *Thompson*, 50 Cal. 480.)

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

There is no doubt that one person may be informed against for the crime of incest. (*People* v. *Barnes*, 2 Idaho, 148; 9 Pac. Rep. 532; *State* v. *Ellis*, 74 Mo. 385; 41 Am. Rep. 321; 10 Am. & Eng. Ency. of Law, 341.) The information was sufficient, as it charged the commission of the crime substantially in the language of the statute. (Pen. Code, sec. 960, 1404; *People* v. *Mahlman*, 82 Cal. 585; *People* v. *Rozelle*, 78 Cal. 84; *People* v. *Tonielli*, 81 Cal. 279; *People* v. *O'Brien*, 64 Cal. 53.) Testimony as to other offenses of the same character as those charged committed upon the same person are admissible to show intent and guilty knowledge. (*People* v. *Gray*, 66 Cal. 275; *Williams* v. *State*, 8 Humph. 585; Wharton on Evidence, sec. 46; Roscoe's Criminal Evidence, pp. 88–90; *People* v. *Cunningham*, 66 Cal. 669; *State* v. *Goetz*, 34 Mo. 89; *Spencer* v. *Commonwealth*, 2 Leigh, 751; *Rex* v. *Mogg*, 4 Car. & P. 364; *Rex* v. *Gearing*, 18 L. J. 215; *Commonwealth* v. *Shepard*, 1 Allen, 581; *Trogdon's case*, 31 Gratt. 872; *Coleman* v. *State*, 58 N. Y. 555; *Shriedley* v.

*State,* 23 Ohio St. 130; *State* v. *Lapage,* 57 N. H. 245; 24 Am. Rep. 69.)    Under the evidence in this case there is not the first element of rape, nor would a conviction of rape upon such evidence be sustained.    (*People* v. *Benson,* 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Hamilton,* 46 Cal. 540; *People* v. *Ardaga,* 51 Cal. 371; *People* v. *Castro,* 60 Cal. 118; *People* v. *Royal,* 53 Cal. 62; *Lind* v. *Closs,* 88 Cal. 6–13.)    The testimony to prove incest is overwhelming.    (*People* v. *Mayes,* 66 Cal. 597; 56 Am. Rep. 126; *Wilson* v. *Fitch,* 41 Cal. 385; *People* v. *Estrada,* 53 Cal. 601; *Bailey* v. *Commonwealth,* 82 Va. 107; 3 Am. St. Rep. 87; *Fry* v. *Commonwealth,* 82 Va. 334.)

BELCHER, C.—The defendant was convicted of the crime of incest, and has appealed from the judgment, and an order denying his motion for a new trial.

The information charged that, on the seventh day of March, 1893, at the county of Yolo, in this state, the defendant H. L. Patterson did willfully, unlawfully, and feloniously, " upon the person of one Annie L. Patterson, the daughter of said H. L. Patterson, commit fornication and have sexual intercourse with, and carnally know, the said Annie L. Patterson."

The defendant demurred to the information upon the ground that it did not conform to the requirements of sections 950, 951, and 952 of the Penal Code, and that the facts stated did not constitute a public offense. The demurrer was overruled, and thereafter a plea of not guilty was duly entered.

1. The first point made for a reversal is, that the crime of incest is a joint offense, which can be committed only with the concurrent assent of two persons, and of which both persons must be guilty, or neither is; and that the information was insufficient, and should have been set aside, because it " charges the defendant with an offense not known to the law, in this, that it charges him alone with the commission of an offense which one person cannot commit."

CII. CAL.—16

Section 285 of the Penal Code defines the crime of incest, and declares it punishable as follows:

" Persons being within the degree of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not exceeding ten years."

And the same code contains the following provisions as to indictments and informations:

"SEC. 950.   The indictment or information must contain:

" 1. . . . . . . . . . . . . . . . . . . .

" 2. A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

"SEC. 960.   No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits."

" SEC. 1404.   Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

Now, conceding that the consent of both parties to the sexual intercourse is necessary to constitute the crime of incest, still it does not follow that one of them alone may not be indicted or informed against, and tried and convicted for the offense.   Nor does it follow that one cannot be guilty unless the other is.   For instance, it might happen that when the intercourse was with the mutual consent of both parties, that one party had knowledge of the relationship, and the other was en-

tirely ignorant of it; and in such a case it is clear that the former would be guilty, and the latter not.

In this state an indictment or information is sufficient if the language of the statute is substantially followed. Here we think the information sufficiently conforms to the general rule, and states the facts "in such a manner as to enable a person of common understanding to know what is intended."

2. The next point is, that the court erroneously denied a challenge for actual bias which was interposed by the defendant to one of the persons called and examined as to his fitness to serve as a juror in the case. This point does not require special notice. It appears that the defendant peremptorily challenged the juror, and that, after exercising that right, he had eight challenges left. Besides, the court allowed two additional peremptory challenges, which had not been used when the jury was completed. Conceding, therefore, that the ruling complained of was erroneous, still it is apparent that the defendant was in no way prejudiced by it.

3. At the trial, Annie L. Patterson was called and examined as a witness for the prosecution. It appeared from her testimony that she was nineteen years old, was the daughter of the defendant, and was living with him in Yolo county until some time in March, 1893, when she left his house and went to the house of a neighbor, where she resided up to the time of the trial. Her testimony, on direct and cross-examination, is quite lengthy, and it is unnecessary to rehearse the criminating facts stated by her in detail. It is enough to say of them that, if true, they very clearly show that the defendant was guilty of the crime charged. Among other things, however, she stated that her father had many times before, and during a period of several years, been doing the same " meanness" with her.

The defendant objected to all the evidence as to acts other than that charged in the information, and his objection was overruled, and he also moved the court to strike out all such evidence, and his motion was de-

nied. It is earnestly contended that these rulings were erroneous, and the rule is invoked that testimony is inadmissible which tends to prove a distinct and different offense from that for which the defendant is on trial.

But while the general rule is as stated, there are well-recognized exceptions to it (*People* v. *Cunningham*, 66 Cal. 668), and it seems to be well settled that cases where incest or adultery is charged are among the exceptions. In such cases it has been held that prior acts of sexual intercourse between the parties may be proved. (*People* v. *Jenness*, 5 Mich. 305; *State* v. *Markins*, 95 Ind. 464; 48 Am. Rep. 743; *Lefforge* v. *The State*, 129 Ind. 551; *State* v. *Bridgman*, 49 Vt. 202; 24 Am. Rep. 124; *State* v. *Pippin*, 88 N. C. 646.) It must be held, therefore, here, that there was no error in the rulings complained of under this head.

4. It is further contended that the testimony of the prosecutrix, when looked at as a whole, was so contradictory and improbable as to be wholly unworthy of belief, and insufficient to justify a verdict of guilty; and that, if believed, it showed that defendant was guilty of rape, and not of incest, of which offense he could not be convicted under the charge of incest; and also, that if the testimony tended to show that defendant was guilty of incest, the prosecutrix was an accomplice, and her testimony was not sufficiently corroborated to justify a conviction.

That the testimony of the prosecutrix tended to show guilt on the part of the defendant is beyond dispute, but whether it was true or false was a question for the jury. The jurors saw the witness, and heard her tell her story, and were in a better position than we are to determine whether she was worthy of belief or not.

We do not think the evidence shows that the offense committed was rape, and if the defendant had been charged with and convicted of that offense, the verdict would have been clearly wrong. It is not necessary, therefore, to express any opinion as to whether one

charged with incest can be convicted, when the evidence shows that the offense committed was really rape. Upon this question we know of no decisions in this state, but in other states the decisions are conflicting. (See *State* v. *Ellis*, 74 Mo. 385; 41 Am. Rep. 321; *State* v. *Jarvis*, 20 Or. 437; 23 Am. St. Rep. 141; and *contra*, 10 Am. & Eng. Ency. of Law, 341, and cases cited.)

There are some other minor points made, but they do not require special notice.

We find no prejudicial error in the record, and advise that the judgment and order appealed from be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

PATERSON, J., GAROUTTE, J., HARRISON, J.