[Crim. No. 84.   Second Appellate District.—June 5, 1908.]

## THE PEOPLE, Respondent, v. MANUEL SILVA, Appellant.

CRIMINAL LAW—SUFFICIENCY OF INDICTMENT—LIVING IN ADULTERY.— An indictment charging a man and woman named with the crime of "living" in a state of open and notorious cohabitation and adultery with each other, said parties not being then and there [at the time and place stated] married to each other," sufficiently charges the offense defined in section 269a of the Penal Code, though it is not averred that either of the parties is a married person, such allegation being necessarily implied by the charge made in the indictment in the language of the statute, which·fully answers the requirements of subdivision 2 of section 950 of the Penal Code in containing "a statement in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

ID.—USE OF LANGUAGE OF STATUTE.—It is ordinarily sufficient to charge an offense in the language of the statute defining it, or describing the acts constituting the offense, especially where the words used have a well-recognized or technical meaning.

ID.—CODE DEFINITION OF "ADULTERY."—Section 93 of the Civil Code defines "adultery" as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife."

ID.—EXCEPTION TO RULE—WORDS NOT HAVING A TECHNICAL OR SPECIFIC MEANING.—Where the words used in the statute have no technical or precise meaning, which of themselves imply the offense, or the particular facts or acts constituting it are not specified, but from the general language used many things may be done to constitute

the offense, it is then necessary, in charging the offense to set forth the particular things or acts charged with reasonable certainty and distinctness, to show to the court an offense within the statute of which it has jurisdiction, and to advise the defendant of the particular nature of the offense charged for the purposes of his defense, and to secure his rights.

ID.—INSTRUCTION NOT PREJUDICIAL.—*Held*, that when the evidence did not appear in the record, instructions embodying sections 31 and 659 of the Penal Code do not appear to be prejudicial to the substantial rights of the defendant.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Lamy & Putnam, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—The appellant, Manuel Silva, and one Mary Rodrigues, were jointly charged by indictment, under section 269a, Penal Code, with the crime of living "in a state of open and notorious cohabitation and adultery with each other, said parties not being then and there married to each other." The indictment contained no direct charge that either of said parties was married at all. A demurrer was interposed to the indictment upon the grounds, among others: First, that the facts stated in the indictment did not constitute a public offense; and, second, that the indictment did not substantially conform to the requirements of sections 950, 951 and 952, Penal Code. The demurrer was overruled, and the trial resulted in the conviction of appellant, who thereupon made a motion in arrest of judgment, on substantially the same grounds specified in his demurrer. The motion was denied. The appeal is on the judgment-roll.

Section 269a provides that "every person who lives in a state of open and notorious cohabitation and adultery is guilty of a misdemeanor." The indictment charges that "the said Manuel Silva and said Mary Rodrigues, before the finding of this indictment and between the 1st day of February, 1907, and the 14th day of January, 1908, and at and

in the county of San Luis Obispo, state of California, did willfully and unlawfully live in a state of open and notorious cohabitation and adultery with each other, and the said Manuel Silva and the said Mary Rodrigues not being then and there lawfully married to each other, contrary," etc. The general rule is that an indictment is sufficient which charges the offense in the language of the statute. "When the statute defines or describes the acts which shall constitute a particular offense, it is sufficient in an indictment to describe those acts in the language employed in the statute, applying them, of course, concretely to the person charged." (*People* v. *Ward*, 110 Cal. 369, [42 Pac. 894].) This is particularly true where the words used in the statute in defining the offense have a well-recognized or technical meaning. In this case, not only does the statute specify just what acts shall constitute the offense, but in so doing employs words the meaning of which is furnished by the codes. Section 93, Civil Code, defines adultery as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." The exception to the rule is well stated by Mr. Justice Lorigan in *People* v. *Perales*, 141 Cal. 583, [75 Pac. 170], where it is said: "When, however, the words or terms used in the statute have no technical or precise meaning, which of themselves imply the offense, or where the particular facts or acts which shall constitute it are not specified, but, from the general language used, many things may be done which may constitute an offense, it is then necessary, in charging an offense claimed to be embraced within the general language of the statute, to set forth the particular things or acts charged to have been done, with reasonable certainty and distinctness, so that the court may determine whether an offense within the statute is charged, or one over which it has jurisdiction, and so that the defendant may be advised of the particular nature of it, in order to defend against it, and to plead in bar a judgment of conviction or acquittal thereof, if subsequently prosecuted." The indictment used the language of the statute in charging appellant with all the acts and facts which the legislature has said shall constitute the offense, and this was sufficient to apprise defendant of the nature of the accusation. It was not necessary to allege therein that he had a lawful wife. The allega-

tion is implied by the charge in the indictment (*State v. Hinton*, 6 Ala. 864), which fully answers the requirements of subdivision 2 of section 950, Penal Code, in that it contains "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." (*People v. Fowler*, 88 Cal. 136, [25 Pac. 1110]; *People v. Mahony*, 145 Cal. 104, [78 Pac. 354].)

It is next contended that the court, at the request of the state, erroneously embodied the substance of sections 31 and 659, Penal Code, in the instructions given the jury. As the evidence is not before us, we cannot say that it did not, upon some theory of the case, justify the instructions given. Moreover, conceding the instructions were not applicable to any issue, it is difficult to conceive how the substantial rights of defendant could have been prejudiced by the giving of the same. (Blashfield on Instructions to Juries, sec. 91; *People v. Cain*, 7 Cal. App. 163, [93 Pac. 1037].)

The judgment appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.