HENRY G. GUYLE v. STATE OF NEBRASKA.

FILED JULY 25, 1918. No. 20414.

Criminal Law: ELECTION. Where on a trial for incest, charged, not with a *continuando,* but as a single act upon a date specified, evidence is introduced of acts of sexual intercourse between the prosecutrix and the defendant, distinct offenses from the one charged in the information, it was the duty of the court, upon motion of the defendant, made when the state rested its case, to require the state to elect upon which one of the several acts it intended to rely for a conviction.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Charles W. Beal* and *H. L. Wilson,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *John L. Cutright, contra.*

CORNISH, J.

Defendant (plaintiff in error), charged with the crime of incest with his daughter in their home at Broken Bow, "on or about the 26th day of.August, A. D. 1917," was found guilty. At the conclusion of the state's evidence defendant's motion to require the state to elect upon which specific act of intercourse it would rely for conviction (the information charging but one act, and the testimony tending to prove several) was overruled. This ruling and the failure of the court to instruct the jury that the testimony, tending to prove other and prior acts of intercourse between defendant and the prosecuting witness, was for the purpose only of showing the intent and disposition of defendant toward her, are assigned as error.

Under our Criminal Code, when, as here, time is not of the essence of the offense, the prosecution is not limited in its proof to the time alleged in the information. It is also true that other incestuous acts may be shown as bearing upon the probabilities of the one charged. A single or continuous incestuous relationship may also be shown without direct proof of the specific act of intercourse by proof of circumstances from which the fact of cohabitation is the only reasonable inference.

The question is: There being evidence of other acts constituting the offense, and the state not being concluded by the date named in the information, when, if ever, should it be required to elect upon what particular act it relies for conviction? Somewhat depends upon the nature of the evidence and of the charge made, whether a single act or a continuing one. The right may rest more or less in the discretion of the trial judge. No election would be required where, from the nature of the evidence, none could be made. On the other hand, the accused must not be tried for one offense

and convicted of another. He must not be subject to undue hardships in preparing for trial or in submitting evidence to prove his innocence. It is not fair to him to compel him to be prepared to meet the evidence bearing upon 50 separate acts when he can only be convicted of one.

In the case in hand, the defendant was accused of but one act of incestuous intercourse occurring on or about August 26, 1917. From a review of the record, we are of opinion that the jury may well have been in doubt as to a crime committed either on or about that date, and that it was prejudicial error for the court to overrule the defendant's motion to require the state to elect upon which date it relied for conviction.

Where the state, to prove the defendant guilty of a particular crime charged, offers evidence of other crimes committed which is admitted as going to show guilty knowledge, intent, disposition, a plan or scheme, corroborative in its nature of the main evidence of the crime charged, the court, at least when requested, should make clear to the jury the purpose for which the evidence of other offenses is admitted, in order to prevent the jury from being misled as to the real issue. It appears that no request was made.

Complaint is made of instruction No. 12, telling the jury that improper sexual relations of the prosecuting witness with men other than her father would not excuse him if he were guilty of the improper sexual relations charged, because the instruction did not go farther and inform the jury as to the purpose and bearing of such testimony in the case. No instruction covering the point made was requested. It is doubtful if the instruction as given would be misleading to an intelligent jury. Of course, the defendant is entitled to an instruction, if he requests it, informing the jury that the evidence of unchastity should be considered by them as it may bear upon the question whether or not

the prosecuting witness contracted gonorrhœa from her father. *State v. Lawrence,* 19 Neb. 307; *Yeoman v. State,* 21 Neb. 171; *State v. Hurd,* 101 Ia. 391; *David v. People,* 204 Ill. 479; *State v. Higgins,* 121 Ia. 19; *People v. Patterson,* 102 Cal. 239; *State v. Browning,* 94 Kan. 637; *Smith v. Commonwealth,* 109 Ky. 685; *Montour v. State,* 11 Okla. Cr. Rep. 376.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

Rose, Hamer and Dean, JJ., not sitting.