[Crim. No. 1024. Second Appellate District, Division Two.—January 10, 1924.]

THE PEOPLE, Respondent, v. W. S. GREEN, Appellant.

[1] CRIMINAL LAW—PLEADING.—A criminal accusation must contain all the ingredients of the offense with which the defendant is charged, in direct language, leaving no essential to be reached by inference or argument.

[2] ID.—INFORMATION IN LANGUAGE OF STATUTE.—An information is sufficient if it follows the language of the statute, and alleges all the acts and facts which the legislature has said shall constitute the offense, and is direct and certain as to the party to be charged and the particular offense charged.

[3] ID. — INFAMOUS CRIME AGAINST NATURE — SUFFICIENCY OF INFORMATION.—An information charging that the defendant, on or about a specified date, in the county, "did willfully, unlawfully and feloniously commit an assault upon the person" of a designated individual, "with intent then and there to commit the infamous crime against nature," states facts sufficient to constitute a violation of section 220 of the Penal Code, an offense amounting to a felony, and not merely an assault, a misdemeanor.

APPEAL from a judgment of the Superior Court of Riverside County. G. R. Freeman, Judge. Affirmed.

The facts are stated in the opinion of the court.

K. E. Schwim, Miguel Estudillo and L. W. Bludgett for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CRAIG, J.—Appellant was convicted in the superior court upon an information charging him with assault with intent to commit the infamous crime against nature, denounced by section 220 of the Penal Code; the charging part of which information, essential to this appeal, read as follows:

"W. S. Green is accused by the District Attorney of Riverside County and State of· California, by this information, of the crime of a felony committed as follows: The said W. S. Green on or about the 20th day of March, 1923, at the said County of Riverside, State of California, and

before the filing of this information, did willfully, unlaw-
fully and feloniously commit an assault upon the person of
Paul Maupin, with the intent then and there to commit the
infamous crime against nature."

Two grounds are urged for reversal of the judgment and
order denying appellant's motion for new trial: (1) That
the information does not state facts sufficient to constitute
an offense amounting to a felony, in that it fails to charge
an attempt to commit an offense upon the person of a named
individual; and (2) that the information therefore charges
no more than assault, a misdemeanor, of which the superior
court did not have jurisdiction.

Section 220 of the Penal Code provides that: "Every per-
son who assaults another with intent to commit rape, the
infamous crime against nature, mayhem, robbery, or grand
larceny, is punishable by imprisonment in the state prison
not less than one nor more than fourteen years."

The question presented by appellant, and which is de-
cisive of both grounds of this appeal, is as to the necessity
of designating in the information the intended victim of the
infamous crime which constituted the object of the assault.
[1] Appellant cites authority to maintain the proposition
that an accusation must contain all of the ingredients of
the offense with which the defendant is charged, in direct
language, leaving no essential to be reached by inference or
argument. This is admittedly a correct statement of the
law. It is also true that a charge is insufficient which states
mere legal conclusions; but the distinction which is vital
here is that between a mere legal conclusion and an ultimate
fact. In 31 Corpus Juris, page 711, section 266, it is said:
"Where a charge in the language of the statute charges a
mere legal conclusion, or where it connects accused with the
crime by mere inference or argument, a more particular
statement of the facts is necessary. But a charge following
the statute is sufficient where it states ultimate facts." It
is ordinarily sufficient to charge an offense in the language
of the statute if the latter defines it or describes the acts
constituting the offense, especially where the words used
have a well-recognized meaning. (*People* v. *Silva*, 8 Cal.
App. 349 [97 Pac. 202].) The infamous crime against
nature is not defined by the Penal Code, but every person

of ordinary intelligence understands what that crime is. (*People* v. *Erwin,* 4 Cal. App. 394 [88 Pac. 371].)

In the instant case the information charges in the language of the statute, and in so doing charges ultimate facts. It alleges a felonious assault upon the person of Paul Maupin, and also that this assault was with intent then and there to commit the infamous crime against nature. Extensive argument is advanced in support of the theory that had appellant intended committing a simple assault upon the said Maupin for the purpose of ridding himself of the latter's opposition, in order that he might accomplish his purpose upon the person of another he might be guilty under this information, and it is assumed that the statute does include this situation. The evidence shows that such was not the case, but were this true we think it would still fall within the scope of section 220 of the Penal Code and would amount to no lesser offense.

Cases cited in behalf of appellant in support of the proposition that it is necessary to designate the intended victim of the assault arose under statutes by whose language the identity of a particular person was essential to a prosecution. In *People* v. *Shaber,* 32 Cal. 36, the defendant was charged with having broken into and entered the house of Jackson and Wood, with intent then in said house to commit larceny. It was urged that the indictment was defective, in that it failed to state that the defendant intended to steal property of said persons, or that there was any property in the house. The supreme court said: "As a larceny actually committed is not an element of the offense, it cannot be needful to allege one, either generally or by an averment of the facts entering into and constituting its definition. And as a forcible entry, etc., with a larcenous intent is all that is made essential to the crime, we consider that a conviction would be due even though it should appear that there were no goods in the building at the time the entry was made. The forcible entry and the intent being found or given, the crime would be complete even though it should turn out that, contrary to the calculations of the burglar, the building was empty. The sting of the crime is, in short, the guilty purpose, without reference to the possibility of accomplishing it, in any given instance." *People* v. *Holland,* 59 Cal. 364, and *People* v. *Wells,* 145

Cal. 138 [78 Pac. 470], are to the same effect.  [2]  An information is sufficient if it follows the language of the statute, and alleges all the acts and facts which the legislature has said shall constitute the offense, and is direct and certain as to the party to be charged and the particular offense charged.  (*People* v. *Fowler*, 88 Cal. 136 [25 Pac. 1110]; *People* v. *Patterson*, 102 Cal. 239 [36 Pac. 436]; *People* v. *Girr*, 53 Cal. 629.)

[3]  In the case at bar the assault, with the specific intent contemplated by the statute, was alleged and proven.  The ultimate fact constituting the offense, as defined by section 220 of the Penal Code, was an assault upon the person of Paul Maupin, with such intent, and if appellant's objective were Maupin or another person the statute was nevertheless violated, and no allegation of the other intended offense except by way of naming it was necessary.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.