[Crim. No. 240. Fourth Appellate District.—February 28, 1933.]

THE PEOPLE, Appellant, v. HAL HOPWOOD, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Thomas Whelan, District Attorney, and Frank Pomeranz, Deputy District Attorney, for Appellant.

Edgar B. Hervey for Respondent.

JENNINGS, J.—This is an appeal by the People from an order of the superior court arresting judgment.

The information filed by the district attorney contained two counts. In the first count the defendant was charged with having committed the infamous crime against nature. In the second count he was charged with having committed certain lewd and lascivious acts upon the body of a child. The trial of the case resulted in his being convicted of both offenses charged. He thereupon moved for a new trial. This motion was granted as to the offense charged in the second count and denied as to the offense charged in the first count. He then presented to the court a motion in arrest of judgment, which was granted.

The motion in arrest of judgment was made on the ground that the facts stated in the first count of the information do not constitute a public offense. The first count of the information is in the following language:

"Hal Hopwood is accused by the district attorney of the county of San Diego, state of California, by this information of the crime of infamous crime against nature committed as follows: The said Hal Hopwood on or about the 8th day of September, A. D. nineteen hundred and thirty-two at said county of San Diego, state of California, and before the filing of this information did then and there wilfully, unlawfully and feloniously commit the infamous crime against nature, by then and there wilfully, unlawfully and feloniously having carnal knowledge of the body of one Virginia Hayhurst. . . . "

The infamous crime against nature is denounced by section 286 of the Penal Code. This section does not define the offense. However, as was said by the court in *People* v. *Green,* 65 Cal. App. 234 [223 Pac. 1004, 1005], "every person of ordinary intelligence understands what that crime is". Broadly speaking it consists of unnatural sexual relations. (8 R. C. L., p. 333.)

Appellant contends that, if the first count of the information be measured by the standard declared in section 952 of the Penal Code, it is apparent that it is sufficient. It is urged that the acts constituting the offense are therein stated in ordinary and concise language and in such fashion as to enable a person of common understanding to know

what is intended. For the purposes of this opinion we may assume that if the first count had simply charged the commission of the offense upon the body of a named individual and had gone no further, it would not have been vulnerable to the attack presented by the motion in arrest of judgment. (*People* v. *Green, supra.*) The first count does, however, go further and specifies that the crime was committed by respondent wilfully, unlawfully and feloniously having carnal knowledge of a named individual. This latter statement, which purports to describe the manner in which the offense was committed, introduces an element entirely foreign to the offense designated as "the infamous crime against nature". The words "carnal knowledge" mean sexual connection. (*People* v. *Carroll,* 1 Cal. App. 2, 4 [81 Pac. 680] ; *People* v. *Allison,* 25 Cal. App. 746, 748 [145 Pac. 539].)

The first count of the information therefore charges that respondent committed the infamous crime against nature by having sexual connection with a named person. If this person whose name is stated to be Virginia Hayhurst is a female the effect of the language was to charge respondent with having committed sexual intercourse with a female, which is not itself a crime. (*People* v. *Carroll, supra.*)

Appellant urges that the portion of the first count which specifies that the crime was committed by respondent having carnal knowledge of the body of the individual named therein is superfluous and may be disregarded as surplusage. This contention may not be sustained. The crime denounced by section 286 of the Penal Code must be committed "with mankind or with any animal". A charge that the crime was committed must therefore specify that it was committed with another human being or with an animal. The only part of the first count which contains this necessary specification is the portion which appellant contends is superfluous and may be disregarded. It is, however, obvious that it cannot be disregarded if we are to discover that the count correctly charges the commission of the offense.

Furthermore, although an information will be held sufficient where the crime is substantially alleged in the words of the statute, or their equivalent, nevertheless if the facts stated are capable of two constructions upon one of

which the facts might be true and not constitute a crime, the pleading is insufficient in charging the offense. ■ The information cannot be aided by presumption since every presumption is in favor of innocence, and if the facts stated may or may not constitute a crime, the presumption is that no crime was charged. (*People* v. *Allison, supra.*)

■ It is contended that the case is covered by the provisions of article VI, section 4½, of the Constitution and that it is apparent that no miscarriage of justice has resulted from respondent's conviction. The section relied upon provides that no judgment shall be set aside or new trial granted for any error as to any matter of pleading or for any error as to any matter of procedure, "unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice". The record herein contains no reporter's transcript of the trial. It is therefore impossible for us to make an examination of the evidence and obviously impossible to arrive at an opinion as to whether or not there was a miscarriage of justice. The trial judge who heard the evidence was evidently of the opinion that such miscarriage had resulted, and since the opportunity has not been afforded to us of examining the evidence submitted, it is manifestly impossible for us to declare that he was in error.

The order arresting judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.