[Crim. A. No. 96312. Appellate Department, Superior Court, County of San Diego.—June 19, 1939.]

THE PEOPLE, Appellant, v. CHARLES LOUIS STEEL, Respondent.

[3 Cal. Supp. 117.]

James B. Abbey, District Attorney, and Duane J. Carnes, Deputy District Attorney, for Appellant.

D. L. Ault, City Attorney (San Diego), and Morey S. Levenson and William H. Macomber, Deputies City Attorney, as *Amici Curiae,* on Behalf of Appellant.

John W. McInnis for Respondent.

THOMPSON, J.—Defendant was charged in a criminal complaint with a violation of section 505b of the Vehicle Code; the second count of the complaint charged a violation of section 560b of the Vehicle Code which was dismissed by the People in furtherance of justice prior to trial. The first count (violation of section 505b) was dismissed on motion of defendant prior to trial; the ground specified in the motion was that said section was unconstitutional. In granting the motion for dismissal the trial court relied on a written decision rendered by the Municipal Court of the City of San Diego *en banc* on the 20th day of April, 1939. The sole question presented by this appeal is the constitutionality

of section 505b of the Vehicle Code of the State of California, which, in part, provides as follows:

"Any person who drives any vehicle upon a highway in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving. . . ."

By its decision the municipal court reviewed the legislative history of the statute here under consideration. We hardly find this necessary in that the question to be decided is as to the wording of the now existing statute.

█ The main contention is as to the definition of the word "indicate" and its applicability to the section. We find in Webster's New International Dictionary, 1933, edition:

"INDICATE. (L. *indicatus* p. p. of *indicare,* to indicate; In-in (Dicare to proclaim; akin to dicere to say. See DICTION; cf. INDICT, INDITE.)

"1. To point out or to; to direct to a knowledge of; as, to *indicate* the way; to be an index, sign, or token of; to betoken, as the height of the mercury in the thermometer *indicates* the temperature.

"2. To state or sketch briefly; to intimate or show indirectly in the course of a statement, discussion or the like as there is time only to *indicate* the method to be pursued.

"3. Med. To show or manifest by symptoms; to point to as the proper remedies; as, great prostration of strength *indicates* the use of stimulants.

"4. Mach. To take an indicator diagram, or set of diagrams from (an engine) by means of an indicator or indicators; to test by means of the indicator.

"Syn.—Show, mark, signify, denote, discover, evidence, evince, manifest, declare, specify, explain, exhibit, present, reveal, disclose, display."

Respondent contends, by the adoption of the opinion of the Municipal Court of San Diego sitting *en banc,* "that the offense, then, is to *indicate* a certain manner of driving (to some undisclosed person or persons)". With this contention we cannot agree. It is from all of the facts and circumstances concerning the manner and method of driving that a court or jury is called upon to decide whether the statute has been violated. It is not meant that this evidence be submitted to anyone other than the court. █ A statute "should always be so construed as to give a sensible and

intelligent meaning to every part . . . so as to make every provision thereof valid and effective". (*In re Haines,* 195 Cal. 605 [234 Pac. 883].) The mere literal construction of a word in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute, and if the word is sufficiently flexible to admit of some other construction, it is to be adopted to effectuate the intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. The court is justified in the public interest, in adopting the construction of a statute which favors its constitutionality even if susceptible to either of two constructions.

It is well settled law in this state that in charging a criminal offense created by statute, the offense may be charged in the language of the statute, and that this is sufficient pleading; evidentiary facts need not be alleged. (*People* v. *Green,* 65 Cal. App. 234 [223 Pac. 1004] ; *People* v. *Maguire,* 26 Cal. 635; Pen. Code, sec. 1426.) Therefore, if the statute is sufficient in itself to define an offense, a complaint charging a public offense in the language of the statute is sufficient.

Section 505 of the Vehicle Code makes it unlawful for one to operate a vehicle with a wilful disregard for the rights of human beings, and that the state in the introduction of evidence need only to show to the court or jury evidence from which the court or jury can find beyond a reasonable doubt that a defendant had such disregard. The word "indicate" in the statute does not mean what a by-stander may think of the manner in which a defendant drives, but the indication goes clearly to what the court or jury may think and the conclusion therefrom. If the evidence adduced at a trial "indicates" to the court or jury beyond a reasonable doubt that a defendant has "a wilful or wanton disregard for the safety of persons or property", then it is obvious that such defendant is guilty of a violation of section 505, subdivisions (a) and (b) of the Vehicle Code of the State of California.

From the foregoing we are of the opinion that the statute here under consideration is constitutional and not void. The order and judgment appealed from is reversed.

Turrentine, Acting P. J., and Mundo, J., concurred.