35   671
123   295

THE PEOPLE OF THE STATE OF CALIFORNIA v. JOHN WILLIAMS.

INDICTMENT—SUFFICIENCY OF.—If the language employed in the charging part of an indictment be capable of two interpretations without doing violence to its terms, only one of which imports a charge of larceny, the indictment is bad.

IDEM.—An indictment should state facts which, if true, would necessarily import that the crime imputed to the defendant had been committed.

IDEM.—An indictment against W. charged that he "did unlawfully and feloniously take, steal, and carry away from the mining claim of the B. M. Co. * * fifty

two pounds of gold-bearing quartz rock, the personal property of said B. M. Co., of the value of four hundred dollars," under which W. having been convicted of grand larceny, the Court below arrested the judgment, on the ground that the indictment did not charge the commission of a felony, and was insufficient; *Held,* that the judgment was properly arrested.

TRESPASS ON REAL PROPERTY NOT INDICTABLE.—In consequence of the stable and permanent nature of real estate, the rule of the common law which is in force in this State is, that an injury to it is not indictable—and, therefore, to steal anything adhering to the soil is not larceny.

IDEM.—The soundness of the rule, upon principle and considerations of policy, is questioned, and remedial legislation suggested.

APPEAL from the County Court of Sierra County.

The facts are stated in the opinion of the Court.

*Jo Hamilton, Attorney General,* for the People.

The indictment was sufficient, and judgment should not have been arrested. (*People* v. *Cronin,* 34 Cal. 191; Gould's Pl., Secs. 53, 57; Archb. Cr. Pl. 54; Gales' Mining Laws, 356; *Table Mountain* v. *Stranahan,* 20 Cal. 198; Crim. Pr. Act, Sec. 237; *People* v. *White,* 34 Cal. 183; *People* v. *King,* 27 Cal. 509; *People* v. *Ah Woo,* 28 Cal. 208.)

*P. Van Clief,* for Respondent.

Quartz rock not severed from the land is not the subject of larceny, because it is a part of the realty. (*Regina* v. *Cox,* 1 Carr & Kerw. 494; Whar. Cr. L., Secs. 1,754–5; Whar. Pr., note *a,* 191; *Rough's Case,* 2 East's Pleas of the Crown; 2 Russ. on Cr., 83, 84; 2 Bish. Cr. Pr., Secs. 663, 669, 672.)

For aught that appears from the indictment, the quartz rock may have been severed from the land or claims at the time of the taking charged, so that they together constituted but one act. At least the indictment will as reasonably bear this construction as any other. But if it should be admitted that it will as reasonably bear the other construction, yet as upon the first no offense would be charged, it follows that the indictment is fatally defective for want of the directness

and certainty required by the two hundred and forty-sixth section of the Criminal Practice Act.

By the Court, Crockett, J.:

The defendant having been found guilty of grand larceny, moved to arrest the judgment, on the ground that the indictment does not charge the commission of a felony, and is insufficient. The Court arrested the judgment, and the prosecution has appealed.

The indictment charges that the defendant " did unlawfully and feloniously take, steal, and carry away from the mining claim of the Brush Creek Gold and Silver Mining Company—a corporation duly organized under the laws of the State of California—fifty-two pounds of gold-bearing quartz rock, the personal goods of the said Brush Creek Gold and Silver Mining Company, of the value of four hundred dollars."

The defendant maintains that the indictment is insufficient, because it does not appear therefrom that the quartz rock had, on a previous occasion, been severed from the ledge, and thus become personal property, before the alleged taking by the defendant; and that there is no averment which rebuts the inference that the rock may have been broken or dug out of the mine by the defendant himself, and immediately taken away; in which event, it is claimed, the offense was only a trespass on real property, and not a larceny; which can only be predicated on the felonious taking of personal property.

The question for decision is, whether or not the indictment charges in sufficiently explicit terms that the rock, at the time of the commission of the offense, was personal property, and not a part of the realty.

The Criminal Practice Act, section two hundred and forty-six, provides that an indictment shall be sufficient in that respect, if the "act or omission charged as the offense is

clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended;" and if "the act or omission charged as the offense is stated with such a degree of certainty as to enable the Court to pronounce judgment upon a conviction, according to the right of the case."

Applying this rule to the indictment under discussion, would a person of "common understanding," on reading it, infer that the defendant severed the rock from the ledge and immediately carried it away, or rather that, finding it already severed by some one else, or having himself severed it on a previous occasion, he afterward removed it? If it be doubtful in which sense a person of common understanding would interpret the indictment, it is insufficient, unless it necessarily imports the crime of grand larceny, whether it be understood in one sense or the other. It should appear plainly and explicitly on the face of the indictment, that a larceny, and not a mere trespass, was committed. If the language employed be capable of two interpretations, without doing violence to its terms, only one of which imports a charge of larceny, the indictment is bad. A person charged with crime has a right to be informed, in plain, intelligible language, free from reasonable doubt, of the specific act which he is alleged to have committed.

Does it plainly appear from this indictment whether the rock alleged to have been stolen was severed by the defendant from the ledge at the time of the theft, or whether it had been severed on a previous occasion and was carried away on a subsequent occasion?

The indictment obviously leaves this question in doubt. It is entirely silent as to whether the rock was a part of a ledge, and was broken off and immediately carried away by the defendant, or whether, finding it already severed, he afterwards removed it. In either case it might be true, as alleged in the indictment, that the defendant did "steal, take, and carry away from the mining claim of the Brush Creek

Gold and Silver Mining Company ·* * * fifty-two pounds of gold-bearing quartz rock;" and yet, in the first event it would be only a trespass, whilst in the latter it would be a larceny, as these offenses have been defined by numerous authorities. But an indictment should be capable of no such double interpretation. It should state facts which, if true, would necessarily import that the crime imputed to the defendant had been committed. We have seen that this indictment does not come up to this standard, and that all the facts which it avers may be true without necessarily implicating the defendant in the crime of grand larceny.

We have not overlooked the fact that the indictment avers the rock to have been "the personal goods of the said Brush Creek Gold and Silver Mining Company." But this cannot cure the infirmity of the indictment, which should describe the property taken with sufficient accuracy to enable the Court to decide for itself whether it be of a character which renders it a subject of larceny. It is not sufficient to denominate the property as "personal goods," without describing it so as to enable the Court to decide that question for itself. We have thus far discussed the case on the theory that if the rock formed a part of a ledge or lode, and was severed by the defendant and immediately removed by him, the offense was only a trespass, and not a larceny.

We find in the books much subtle reasoning in respect to the difference between trespass and larceny in this class of cases. From an early period in English jurisprudence, it has been held that in consequence of the stable and permanent nature of real estate, an injury to it is not indictable at common law; and it is therefore not larceny to steal anything adhering to the soil. Hence it has been held that if a person, with a felonious intent, severs and carries away apples from a tree, or the tree itself, or growing grass or grain, or copper or lead attached to a building, the offense is only a trespass, and not larceny. But if the thing had been previously severed from the soil, whether by the owner or by a third person, or even on a previous occasion by the thief himself,

it has thus become personal property, and is the subject of larceny. This rule involved many technical niceties, which have resulted in what appear to us to be pure absurdities. For example, if the article stolen was severed from the soil by the thief himself and immediately carried away, so that the whole constituted but one transaction, it was held to be only a trespass; but if, after the severance, he left the article for a time and afterward returned for it and took it away on another occasion, then it became a larceny. It therefore became necessary to determine what space of time must intervene between the severance and the taking to convert the trespass into a larceny. At first it was held that at least one day must intervene, on the theory that the law would not take notice of the fractions of a day. But this rule has been relaxed, and it is now held that no particular space of time is necessary; only the severance and taking must be so separated by time as not to constitute one transaction.

The authorities maintaining these nice distinctions are fully collated in 2 Bishop on Criminal Law, Secs. 667, 668, 669.

We confess we do not comprehend the force of these distinctions, nor appreciate the reasoning by which they are supported. We do not perceive why a person who takes apples from a tree with a felonious intent should only be a trespasser, whereas, if he had taken them from the ground, after they had fallen, he would have been a thief; nor why the breaking from a ledge of a quantity of rich gold-bearing rock with felonious intent should only be a trespass, if the rock be immediately carried off; but if left on the ground, and taken off by the thief a few hours later, it becomes larceny. The more sensible rule, it appears to us, would have been, that by the act of severance the thief had converted the property into a chattel; and if he then removed it, with a felonious intent, he would be guilty of a larceny, whatever dispatch may have been employed in the removal. But we do not feel at liberty to depart from a rule so long and so firmly established by numerous decisions; and we have

adverted to the question mainly for the purpose of directing the attention of the Legislature to a subject which appears to demand a remedial statute.

Judgment affirmed, and ordered that the remittitur issue forthwith.

Mr. Justice SANDERSON and Mr. Justice RHODES expressed no opinion.