STATE, RESPONDENT, *v.* CHANDONETTE, APPELLANT.

CRIMINAL PRACTICE — *Transcript on appeal — Evidence.* — Where the evidence contained in a transcript on appeal does not appear to be included in a bill of exceptions, nor in any manner authenticated as the minutes of the court, nor to have been before the court on motion for a new trial, it will be stricken out on motion, and an alleged variance between the indictment and the proof cannot be considered.

CRIMINAL LAW — *Indictment — Infamous crime against nature.* — The ordinary common-law indictment for the infamous crime against nature is sufficient in this State.

*Appeal from Second Judicial District, Silver Bow County.*

The defendant was tried before McHATTAN, J.

*Charles O'Donnell,* for Appellant.

*Henri J. Haskell,* Attorney-General for the State, Respondent.

DE WITT, J. — The defendant appeals from a judgment of conviction for the infamous crime against nature, and thereby as well from an order denying a motion for a new trial.   The evidence was brought here in the transcript, but that evidence was not contained in a bill of exceptions, nor is it in any way identified or authenticated as the minutes of the court, nor does it appear that it was before the District Court on the motion for a new trial, nor is it before this court in any manner provided by the law or practice in this State.   The evidence was therefore ordered stricken out on the motion of the attorney-general.

This order practically emasculates the appeal, as the only point pressed by appellant in his brief, in which there was the appearance of merit, is an alleged fatal variance between the indictment and the proof; or rather, perhaps, that there was no evidence of the crime charged in the indictment. As we have not the evidence, we cannot consider this point.

All that remains of the appeal are objections to the indictment. That pleading is the ordinary common-law indictment, which is approved by all the writers and precedents, and against the validity of which no authorities are cited or arguments made. It is our opinion that the indictment is good.

The defendant was sentenced to five years' imprisonment in the penitentiary, the minimum term under the statute. With a sentence of this severity, and with the moral infamy involved in the conviction, it is a matter of regret to this court that the appeal was not so prosecuted that the court could inquire into the merits of the conviction.

The judgment is affirmed.

BLAKE, C. J., and HARWOOD, J., concur.