[Crim. No. 2.  First Appellate District.—May 22, 1905.]

THE PEOPLE, Respondent, v. JOHN CARROLL, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—INSUFFICIENT INFORMATION.—An information which does not designate the offense of ''the infamous crime against nature'' as defined in section two hundred and eighty-six of the Penal Code, but merely charges that the defendant did ''commit the crime against nature, with and upon one Frank Derby'' by ''having carnal knowledge of the body of said Frank Derby'' is insufficient in not alleging that Frank Derby was a male person.

ID.—SEX—JUDICIAL KNOWLEDGE—PRESUMPTION.—Judicial knowledge cannot be taken of the sex of a party upon whom the infamous crime against nature is committed from the name alone. The presumptions are all in favor of innocence; and if the facts stated may or may not constitute a crime, the presumption is that no crime is charged.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

William S. Barnes, and H. H. McCloskey, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

COOPER, J.—The information states: "The said John Carroll, on the tenth day of March, A. D. nineteen hundred and four, at the said city and county of San Francisco, state of California, did then and there willfully, unlawfully and feloniously commit the crime against nature with and upon one Frank Derby by then and there having carnal knowledge of the body of said Frank Derby, contrary to the form, etc. . . . " Defendant was found "guilty as charged in the information," and sentenced to a term of seventeen years in the state prison. He now claims that the information does not charge a public offense, and that is the only question that need be considered.

Defendant was prosecuted under section 286 of the Penal Code, which reads as follows: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

The section does not define the crime nor state in what it consists, but denominates it "the infamous crime against nature."

At common law the crime attempted to be charged was called sodomy. Blackstone speaks of it as the "infamous crime against nature committed with either man or beast, a crime which ought to be strictly and impartially proved, and then as strictly and impartially punished. But it is an offense of so dark a nature, so easily charged, and the negative so difficult to be proved that the accusation should be

clearly made out; for, if false, it deserves a punishment inferior only to that of the crime itself." (4 Blackstone's Commentaries, 216.)

The crime is now, and has been since the days of Blackstone, designated by law-writers and judges as "*the infamous crime against nature*" (25 Am. & Eng. Ency. of Law, 2d ed., p. 144, and cases cited; *Honselman* v. *People,* 168 Ill. 172, [48 N. E. 304] ; *State* v. *Chandonette,* 10 Mont. 280, [25 Pac. 438] ; *People* v. *Oates,* 142 Cal. 12, [75 Pac. 337]) ; and it is so designated in the Penal Code.

The information in this case; however, does not so designate it, but uses the words "crime against nature." The information, while ignoring the name by which the statute designates the crime, attempts to state what the defendant did. If the facts stated were sufficient to show plainly and unequivocally that a crime had been committed, it would be sufficient, but we do not think that they come up to this standard. It is charged that the defendant did "commit the crime against nature with and upon one Frank Derby by then and there having carnal knowledge of the body of said Frank Derby." The words "carnal knowledge" mean sexual connection. (Bouvier's Law Dictionary; Century Dictionary; *Commonwealth* v. *Squires,* 97 Mass. 61.)

It is thus in effect stated that defendant had sexual connection with Frank Derby. If the Frank Derby, named, was a female, then the defendant is merely charged with having sexual intercourse with a female, which is not of itself a crime. There is no allegation that Frank Derby, the person of whose body the defendant is alleged to have had carnal knowledge, was a male person. We cannot take judicial knowledge of the sex of a party upon whom the crime is alleged to have been committed from the name alone. The name Frank is generally given to males, but it is sometimes given to females. The information might then be true and yet the defendant be innocent of a crime. The courts do not favor technical constructions which go to the form rather than to the substance; particularly is this so in a criminal case where a defendant has been tried and convicted. If the facts stated are not capable of two constructions, and are such as to plainly show to a person of common understanding that a crime has been committed, the information or indictment will be held sufficient. It will also be held sufficient

where the crime is substantially alleged in the words of the statute or their equivalent. But in all cases it must clearly appear that if the facts alleged are true, the defendant is guilty of a crime. (*People* v. *Williams,* 35 Cal. 675; *People* v. *Terrill,* 127 Cal. 99, [59 Pac. 836].) In the latter case it is said: "In no case can the indictment be aided by imagination or presumption. The presumptions are all in favor of innocence, and if the facts stated may or may not constitute a crime, the presumption is that no crime is charged."

We therefore conclude that the facts stated do not constitute a public offense.

The judgment and order are reversed.

Hall, J., and Harrison, P. J., concurred.