[Crim. No. 335.   Second Appellate District.—November 13, 1914.]

## THE PEOPLE, Respondent, v. JAMES F. ALLISON, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—INSUFFICIENCY OF INDICTMENT.—An indictment charging the defendant with "the infamous crime against nature, with and upon one Frank B. Love, by then and there having carnal knowledge of the body of said Frank B. Love," fails to state facts constituting a public offense in that it does not allege that Frank B. Love was a male person.

ID.—CARNAL KNOWLEDGE DEFINED.—Carnal knowledge is synonymous with and means sexual intercourse.

ID.—NAME OF COMPLAINANT—SEX CANNOT BE PRESUMED FROM—JUDICIAL KNOWLEDGE.—The name Frank is generally given to males, but it is sometimes given to females, and the court cannot take judicial knowledge of the sex of the party upon whom the crime is alleged to have been committed from the name alone. If the complainant was a female, which must be assumed, since the contrary does not appear, the defendant is merely charged with having sexual intercourse with a female which does not constitute a crime.

ID.—INDICTMENT CAPABLE OF TWO CONSTRUCTIONS—PRESUMPTION OF INNOCENCE.—While an indictment will be held sufficient where the crime is substantially alleged in the words of the statute, or their equivalent, nevertheless, if the facts stated are capable of two constructions, upon one of which the facts might be true and not constitute a crime, then it is insufficient in charging the offense. The indictment cannot be aided by presumption, since all presumptions are in favor of innocence, and if the facts stated may or may not constitute a crime, the presumption is that no crime is charged.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order refusing a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Thomas Rhodes, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was prosecuted under section 286 of the Penal Code, which provides that "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

Defendant appeals from the judgment of conviction and attacks the indictment, to which he interposed a demurrer upon the ground that the facts stated in the indictment did not constitute a public offense, which was overruled. The indictment is as follows: "James F. Allison is accused by the grand jury . . . of the infamous crime against nature, committed as follows, to wit: The said James F. Allison, . . . did willfully, unlawfully and feloniously commit the infamous crime against nature with and upon one Frank B. Love, by then

and there having carnal knowledge of the body of said Frank B. Love, . . . ''

Whether Frank B. Love was a male or female person is not made to appear other than by the statement that defendant had carnal knowledge of the body of said person, an act which could not have occurred save and except upon the theory that Frank B. Love was a female. Carnal knowledge is defined in Bouvier's Law Dictionary as sexual connection. This definition is approved in *Commonwealth* v. *Squires,* 97 Mass. 61; *Noble* v. *State,* 22 Ohio St. 541, and *Maxey* v. *State,* 66 Ark. 523, [52 S. W. 2], which hold that carnal knowledge is synonymous with and means sexual intercourse. While, therefore, the indictment accuses defendant of committing the infamous crime against nature, it states facts which preclude the idea of the commission of such crime by showing the act of defendant was sexual connection with Frank B. Love. If, therefore, Frank B. Love was a female, which we must assume, since the contrary does not appear, then the defendant is merely charged with having sexual intercourse with a female, which does not constitute a crime. As said in *People* v. *Carroll,* 1 Cal. App. 4, [81 Pac. 681], which is almost identical with the case at bar: "We cannot take judicial knowledge of the sex of a party upon whom the crime is alleged to have been committed from the name alone. The name Frank is generally given to males, but it is sometimes given to females." It follows that the facts stated in the indictment might be true and yet the defendant be innocent of any crime. While an indictment will be held sufficient where the crime is substantially alleged in the words of the statute, or their equivalent, nevertheless, if the facts stated are capable of two constructions upon one of which the facts might be true and not constitute a crime, then it is insufficient in charging the offense. The indictment cannot be aided by presumption, since all presumptions are in favor of innocence, and if the facts stated may or may not constitute a crime the presumption is that no crime is charged. (*People* v. *Terrill,* 127 Cal. 99, [59 Pac. 836].) As stated, the facts of the case are practically identical with those involved in *People* v. *Carroll,* 1 Cal. App. 4, [81 Pac. 681], and upon the authority thereof, as well as for the reasons given, we are constrained to hold that the indictment is insufficient in that it fails to charge defendant with the commission of a public offense.

Since under our views the judgment must, for the reasons given, be reversed, it is unnecessary to discuss other alleged errors.

The judgment and order denying defendant's motion for a new trial are reversed.

Conrey, P. J., and James, J., concurred.