[Crim. No. 4054. First Dist., Div. Three. May 29, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS C. WASHINGTON, Defendant and Appellant.

Louis F. Hawkins, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was indicted for the murder of Rozine B. Rashall and Billy Joe Johnson. He retained counsel and entered a plea of guilty; the court determined the degree of murder to be first degree in each instance, and sentenced the defendant to prison. He appeals from the judgment.

The victims of the murder were found in the front seat of an automobile which had crashed into a light pole at the side of the road. Billy Joe was in the driver's seat and Rozine was at his side. Each victim had been shot in the back of the head —Billy Joe three times and Rozine twice.

Nine witnesses testified before the grand jury. Their testimony placed defendant in the company of Rozine for several hours prior to her murder, and indicated that defendant had severely beaten and physically abused her during the evening preceding her murder. In his statement to the probation officer defendant admitted being in the automobile with Rozine and Billy Joe, and admitted having a gun, but stated he could not remember the incidents immediately prior to the crash.

However, he remembered running away from the vehicle after the crash, and that he had a gun in his hand as he fled.

On this appeal defendant contends he was denied due process of law in that he was not effectively represented by counsel in the trial court. This claim finds no support in the record before us. Defendant at first entered pleas of not guilty and not guilty by reason of insanity. The court appointed psychiatrists to examine defendant. They reported to the court that defendant suffered from no mental illness. Defendant's counsel prosecuted discovery proceedings with diligence, and learned of a statement made by defendant to the police, and of physical evidence in the possession of the authorities. Counsel also was aware of the testimony of witnesses before the grand jury and of the fact that court-appointed psychiatrists had filed their report finding defendant not mentally ill. Finally, and of persuasive importance, both defendant and his counsel knew the district attorney was demanding the death penalty. The record shows that the district attorney agreed to withdraw his demand for the death penalty if a plea of guilty were to be entered by the defendant. It would appear that this change in attitude on the part of the district attorney, brought about in part through efforts of defendant's counsel, as well as defendant's knowledge of the extent of the evidence against him, helped in inducing the defendant to change his plea. At any rate, throughout the entire proceedings leading up to the change of plea, defendant was represented by counsel of his own choice, and the record demonstrates that the representation was effective.

It is the rule that when a defendant makes a claim that he has been denied his constitutional right to counsel, the burden of proof is cast upon him to sustain his charge. (*People* v. *Crooker*, 47 Cal.2d 348, 353 [303 P.2d 753].) Where, as here, the defendant is represented by an attorney of his own choice, the attorney's conduct of the case will not be declared inadequate except in those rare cases where counsel displays such a lack of diligence and competence as to reduce the proceedings to a farce or a sham. (*People* v. *Wein*, 50 Cal. 2d 383, 410 [326 P.2d 457] ; *People* v. *Robillard*, 55 Cal.2d 88, 97 [10 Cal.Rptr. 167, 358 P.2d 295].) An attorney, charged with the defense of his client's interest, must be allowed to exercise his own best judgment in the conduct of the case, and in the absence of some complaint by the defendant in the trial court, the acts of his counsel are imputed to him. (*People* v. *Wren*, 140 Cal.App.2d 368 [295 P.2d 54] ;

*People* v. *Jones,* 177 Cal.App.2d 420-422 [2 Cal.Rptr. 305].)
The defendant cites and relies upon *People* v. *McGarvy,* 61
Cal.App.2d 557 [142 P.2d 92] ; *People* v. *Chesser,* 29 Cal.2d
815 [178 P.2d 761, 170 A.L.R. 246] ; *People* v. *Davis,* 48 Cal.
2d 241 [309 P.2d 1]. None of the cited cases is here applicable.
In *McGarvy* and *Chesser* the defendants were given only cas-
ual and perfunctory representation by counsel not of their
personal choice, and in *Davis* defendant's counsel suffered a
mental collapse during the course of the trial and acted in a
bizarre and unusual manner, to his client's great prejudice.
In the case now before us, the record shows that defendant's
counsel conducted his defense with diligence and care and
there is therefore no support for defendant's claim that he
was not effectively represented by counsel.

 Defendant next contends he is entitled to a new trial
under Penal Code section 1202 because the court did not
pronounce judgment within the time specified by Penal Code
section 1191. It is admitted that the sentencing of the defend-
ant took place 26 days after his plea of guilty. However, the
record shows that defendant agreed to the date fixed by the
court for sentence, and under such circumstances he cannot
complain. (*People* v. *French,* 12 Cal.2d 720 [87 P.2d 1014].)

 Moreover, failure to impose sentence within the time
specified by section 1191 of the Penal Code is clearly an error
of procedure and under California Constitution article VI,
section 4½, the judgment may not be reversed unless the
error complained of has resulted in a miscarriage of justice.
(*People* v. *Zuvela,* 191 Cal. 223 [215 P. 907] ; *People* v. *Wil-
liams,* 24 Cal.2d 848 [151 P.2d 244].) Here the defendant has
pleaded guilty to two murders. A delay of five days beyond
the statutory time fixed for sentencing cannot be held to
have been prejudicial to him or to have resulted in a mis-
carriage of justice.

The defendant also complains there was not an adequate
determination by the court of the degree of guilt. After a
plea of guilty to a crime which is divisible into degrees it is
the duty of the judge to fix the degree of guilt. (Pen. Code,
§ 1192.) Here the court determined the degree of guilt from
the transcript of the testimony before the grand jury and the
presentence report of the probation officer. Defendant and
his counsel specifically requested the court to consider these
documents, and in particular to consider the statements of
the defendant relating to his offense as contained in the pre-
sentence report of the probation officer. The defendant

cannot now question the propriety of the court's consideration of evidence which he specially requested the court to review. (*People* v. *Feldkamp*, 51 Cal.2d 237, 241 [331 P.2d 632].) We find no irregularity, therefore, in the determination by the court that each of the murders to which the defendant entered a plea of guilty was murder in the first degree.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied June 15, 1962.