THE COURT.
This is an appeal by the People. There is no dispute regarding the facts. The trial court dismissed the complaint for the sole reason that the complaint was not signed and filed by the arresting officer but by the Assistant Chief of Police of South Gate.
The complaint charged a violation of section 23102, subdivision (a), Vehicle Code (driving while under the influence of intoxicating liquor). Section 40302, Vehicle Code, provides that for this offense the defendant shall be taken before a magistrate and section 40306, subdivision (a), Vehicle Code, provides: “Whenever a person is arrested for a misdemeanor and is taken before a magistrate, the arresting officer shall file with the magistrate a complaint. ...” Because of this *910 section, and the failure of the arresting officer to sign the complaint, the trial judge dismissed the complaint.
This was error for several reasons.
First: In this case a magistrate (the arrest having been made about 2:35 a. m.) was not available but, pursuant to section 40307, Vehicle Code, the defendant was released on bail. Thus literally section 40306, Vehicle Code, relied on by defendant-respondent, was inapplicable since it applies only when defendant is taken before a magistrate. While this is a technical answer, so is the claim asserted by defendant-respondent.
Second: Vehicle Code section 40306 requires the arresting officer to file the complaint but does not require him to sign it. The obvious purpose of the section is to place upon the arresting officer the primary responsibility to see that a complaint is filed. Compare People v. Biffle (1950) our Crim. A. 2596 where a somewhat comparable provision in Health and Safety Code section 26604 was construed not as an exclusive mode but “to impose on someone in authority the burden of attending to such criminal actions, or prosecutions.” We hold that the arresting officer may file the complaint personally or he may activate the machinery which causes the complaint to be filed. It is an old maxim of jurisprudence that “Qui faeit per alium faeit per se.” In either case the purpose of the section has been accomplished when the complaint is filed. In the case at bar the complaint was filed the day of the defendant’s arrest and it complies with Penal Code section 740 as to its contents.
Third: However, assuming, without deciding, that the arresting officer was wrong in not signing or filing a complaint, it does not follow that the complaint should be dismissed. The section is not a constitutional requirement nor is it substantive, but only statutory and procedural. There has been no showing of prejudice. The same legislative body that created the requirement may, and has, stated the consequences of failing to follow it. Section 960, Penal Code, provides that “ [n]o accusatory pleading is insufficient” because of a defect in form absent “prejudice.” The Legislature has also told appellate courts in section 1258, Penal Code, that we must disregard “technical errors or defects.” The principle announced in People v. Washington (1962) 204 Cal.App.2d 206 [22 Cal.Rptr. 185], applies here. At page 209 the court said: “ Moreover, failure to impose sentence within the time specified by section 1191 of the Penal Code is clearly an error *911 of procedure and under California Constitution article VI, section 4½, the judgment may not be reversed unless the error complained of has resulted in a miscarriage of justice. (People v. Zuvela, 191 Cal. 223 [215 P. 907]; People v. Williams, 24 Cal.2d 848 [151 P.2d 244].)”
Fourth: Before closing this memorandum we should make reference to section 40300, Vehicle Code, although not urged by the respondent in this case. That section (which has been strongly relied upon by defendants in other cases) reads as follows: “The provisions of this chapter shall govern all peace officers in making arrests for violations of this code without a warrant for offenses committed in their presence, but the procedure prescribed herein shall not otherwise be exclusive of any other method prescribed by law for the arrest and prosecution of a person for an offense of like grade.”
It may well be that the words “shall not otherwise be exclusive ’ ’ imply that to the extent stated in the first part of the sentence the procedure of the Vehicle Code is exclusive. Such first part however relates only to “arrests” and not to subsequent procedures. We should not assume that the reference to “arrests” alone in the first part was inadvertent because the Legislature in the latter part of the same sentence referred to both “arrest and prosecution” and hence at the moment of enactment was mindful of the difference. Furthermore there is no reason to give a strained construction to section 40300, Vehicle Code, in order to reach a technical result which is not meritorious. Thus if there is an implication that the procedure is exclusive, it is exclusive only as to the arrest and not to anything subsequent thereto.
The judgment of dismissal is reversed with directions to try the case.