[Crim. No. 3009.   Fourth Dist., Div. Two.   Feb. 29, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES
RUSSELL GANN, Defendant and Appellant.

Richard J. Tuckerman, under appointment by the Court of Appeal, and Evans, Taves & Tuckerman for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton Price, Deputy Attorney General, for Plaintiff and Respondent.

GABBERT, J. pro tem.*—An information was filed charging the defendant with two counts of sex perversion in violation of section 288a, Penal Code, and a third count of the infamous crime against nature in violation of section 286, Penal Code. A codefendant, Robert Park Hall, was charged with one count of lewd and lascivious conduct with a child in violation of section 288, Penal Code.

A public defender represented both of the defendants and on the second day of a nonjury trial, the defendant Hall moved that the public defender be relieved as his counsel and that he be allowed to proceed in propria persona. The motion was granted. The court found Hall guilty of contributing to the delinquency of a minor, a misdemeanor, a necessarily included offense within the crime charged. Hall received probation and did not appeal.

The court found the appellant guilty as charged in count I (sex perversion, Pen. Code, § 288a), guilty of count III (infamous crime against nature, Pen. Code, § 286), and not guilty of count II (sex perversion, Pen. Code, § 288a).

Proceedings were suspended and the defendant was examined to determine whether he was a mentally disordered sex offender. (Welf. & Inst. Code, § 5500.) A motion for new trial was denied. The court found the defendant was not a mentally disordered sex offender. The case was referred for diagnosis and treatment (Pen. Code, § 1203.03) but on motion of appellant the referral for diagnosis and treatment was vacated. Probation was denied and appellant was sentenced to state prison for the term prescribed by law, the sentences to run concurrently.

---

*Assigned by the Chairman of the Judicial Council.

Roberta Jean T——,* age 11, Lawrence T——,* age 10, Darren T——,* age 7, and Darrell M——,* age 11, with permission of their respective mothers, were to spend the night of May 7, 1966, with appellant and codefendant Hall, both adult males, at appellant's home. During the night various acts of a revolting sexual nature were alleged to have taken place involving appellant with Lawrence and Darrell, and the codefendant Hall with Roberta.

A review of the evidence need not be detailed here inasmuch as the appellant does not challenge its sufficiency to support the judgment. The transcript of testimony has been fully examined and credible proof of guilt exists.

Appellant contends: (1) That count III of the information (infamous crime against nature, Pen. Code, § 286), was defective and thus deprived the court of jurisdiction to try appellant; (2) that the introduction of certain photographs into evidence constituted reversible error; (3) that the appellant was effectively deprived of counsel by the ruling of the trial court permitting the codefendant to proceed in propria persona without severing the trial of the two defendants; (4) that the provisions of section 286, Penal Code, are so vague as to deprive the defendant of due process of law; and (5) that defendant is entitled to a new trial because more than 21 days elapsed between the date of conviction and the date of sentencing.

Appellant's first contention is that count III of the information was so defective as to deprive the court of jurisdiction.

No demurrer was filed in the trial court. The defects of lack of jurisdiction and failure to state a public offense may be raised on appeal without a demurrer. (Pen. Code, § 1012; *People* v. *Blankenship,* 103 Cal.App.2d 60, 62 [228 P.2d 835]; *People* v. *McKean,* 76 Cal.App. 114, 116 [243 P. 898]; *People* v. *Bliss,* 47 Cal.App. 503, 504 [190 P. 1046].)

Count III alleges: "That the said James Russell Gann on or about May 7, 1966, in the County of San Bernardino, State of California, did unlawfully commit the infamous crime against nature upon the person of Darrell M——,* a human being."

The effect of appellant's argument is that since the specific act or acts allegedly committed are not set forth, and the information does not state whether "Darrell M——"* is a male or female person, that a public offense is not shown and

*Surnames of minors omitted in this opinion.

the trial court lacked jurisdiction to try appellant. There is no merit in this contention.

The language of the information is taken directly from section 286, Penal Code. ''The infamous crime against nature'' refers to sodomy, which latter term is used to refer to two types of perversion: *buggery,* or anal copulation with a human being, and *bestiality,* or copulation of any kind with an animal. (1 Witkin, Cal. Crimes (1963) § 541, p. 494.)'' On account of the degrading nature of the crime of sodomy it is uniformly held that it is not necessary to describe the offense with the same particularity which is required in other crimes. In 8 Ruling Case Law, page 335, section 366, it is said in that regard:

'' '. . . by reason of the vile and degrading nature of this crime, it has always been an exception to the strict rules requiring great particularity and nice certainty in criminal pleading, both at common law and where crimes are wholly statutory. It has never been the usual practice to describe the particular manner or the details of the commission of the act, and, where the offense is statutory, a statement of it in the language of the statute, or so plainly that its nature may be easily understood, is all that is required.' '' (*People* v. *Battilana,* 52 Cal.App.2d 685, 693 [126 P.2d 923].)

The appellant relies upon the cases of *People* v. *Allison,* 25 Cal.App. 746 [145 P. 539], and *People* v. *Carroll,* 1 Cal.App. 2 [81 P. 680]. In the *Carroll* case the information, instead of charging the defendant with the ''infamous crime against nature,'' erroneously charged him with the ''crime against nature'' by ''having carnal knowledge of the body of . . . Frank Derby.'' The court held that the charging language, not being that of the statute, was insufficient to establish the public offense. The words ''carnal knowledge of the body of Frank Derby'' gave no indication that Frank Derby was a man, and could simply mean intercourse with a female person, which act is not a crime. The whole information, taken together, was held not to charge a public offense.

In the *Allison* case the statutory language charging the ''infamous crime against nature'' was used, with the addition that it was committed ''with and upon one Frank B. Love, by then and there having carnal knowledge of the body of the said Frank B. Love.'' The court, on appeal, followed the *Carroll* case, which it stated ''is almost identical with the case at bar.'' It was stated that the name of the alleged victim could have referred to a female person and that, by

reasoning similar to *Carroll,* the indictment was insufficient in that it failed to charge defendant with the commission of a public offense.

The *Carroll* and *Allison* cases are distinguishable from the case before us. Both of those cases were decided before the amendment to section 952 of the Penal Code, which was adopted in 1927. That code amendment greatly simplified and liberalized criminal pleadings. Since that amendment the information or indictment may be couched in "any words sufficient to give the accused notice of the offense of which he is accused." (*People* v. *Pierce,* 14 Cal.2d 639, 644 [96 P.2d 784]; *People* v. *Price,* 46 Cal.App.2d 59, 61 [115 P.2d 225]; see Fricke and Alarcon, Crim. Procedure, (7th ed.) Pleading, ch. XI, p. 115 et seq.)

The decisions in the *Carroll* and *Allison* cases were impliedly overruled in the case of *Battilana, supra,* 52 Cal.App.2d 685. In the latter case the intervening amendment of section 952 of the Penal Code is mentioned. Both *Carroll* and *Allison* and the later case of *People* v. *Hopwood* (1933) 130 Cal.App. 168 [19 P.2d 824], are distinguished by the statement: "It is true that the *Hopwood* case, *supra,* was decided since the amendment to section 952. But that liberalized section is not mentioned in the opinion. We assume the court failed to take into consideration the liberal construction of criminal pleadings which now prevails. That decision was not approved by the Supreme Court. We therefore conclude those authorities are not controlling of the present case." (*People* v. *Battilana, supra,* p. 695.)

Appellant makes an additional contention of vagueness in the wording of section 286 of the Penal Code which deprived the appellant of due process of law. Much of the discussion of the claimed defectiveness of the wording of count III of the information mentioned above is equally applicable here.

It is argued that a statute which is so vague in its terms that men of common intelligence must necessarily guess at its meaning violates due process of law. (*Connally* v. *General Constr. Co.,* 269 U.S. 385 [70 L.Ed. 322, 46 S.Ct. 126]; *Lanzetta* v. *New Jersey,* 306 U.S. 451 [83 L.Ed. 888, 59 S.Ct. 618].) Further, a statute must be definite enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for the ascertainment of guilt by the courts called upon to apply it. (*Winters* v. *People of State of New York,* 333 U.S. 507 [92 L.Ed. 840, 68 S.Ct. 665]; *People*

v. *Building Maintenance, etc., Assn.*, 41 Cal.2d 719 [264 P.2d 31].)

California courts, over many years, have dealt directly with the words of the statute. As far back as 1881, *People* v. *Williams*, 59 Cal. 397, 398, considered a case alleging an assault with intent to commit "in and upon the person of the said Henry George the infamous crime against nature, contrary to the form, force, and effect of the statute in such case made and provided," etc. The allegations of appellant in *Williams* were basically the same as the contention of the appellant here, *i.e.*, that the information was insufficient in failing to state an indictable public offense or any offense, in legally sufficient terms. The entire opinion of the court in the *Williams* case consists of one paragraph and reads as follows:

"We have examined the information in this case, and consider it good. The acts constituting the offense are stated in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. (Penal Code, § 950.) Every person of ordinary intelligence understands what the crime against nature with a human being is."

While discrepancies exist in the judicial definition of the crime of sodomy (13 U.C.L.A. L.Rev., p. 658 et seq.), and the infamous crime against nature (32 N.C.L.Rev. 312), the question of the meaning of the term has been clarified by the designation of oral copulation (Pen. Code, § 288a) as a crime apart from sodomy or the infamous crime against nature.

In the instant case we do not have a case of consensual activity on the part of adults, but one involving the acts of an adult with young children, who are legally incapable of consenting to such acts. Further, no attack is made by appellant on the wording of count I of the information, alleging the act of oral copulation with the minor Lawrence. No jurisdictional question is raised as to this count, nor is the issue of vagueness urged as to that charge.

It is submitted that in view of the enactment of section 288a of the Penal Code, the commonly understood meaning of the euphemism, "infamous crime against nature," in section 286 of the Penal Code, is sufficiently definite to apprise the public generally of the conduct which is prohibited thereby, *sic*, copulation per anum, hence satisfying the standard of definiteness inherent in the concept of due process of law.

Appellant secondly argues that the introduction of certain photographs into evidence constituted reversible error.

These photographs are referred to as consisting of more than 50 prints of nude male and female persons in various poses of sexual intercourse. In addition, a photograph of a nude woman was placed in evidence. The photographs had no relation to the charge in question. Their relevancy is disputed and their inflammatory impact on the mind of the trier of fact is urged as a ground for reversal of the court's decision.

While the evidence has not been discussed in detail, it is sufficient to state that the children made statements that pictures of nude men and women had been shown them by the two men before the acts in question took place. This information was given to police officers, who obtained a search warrant, entered the premises and found the articles, as described by the children. Thus, the photographs, in some measure, served to corroborate the stories given by the children.

The photographs, admittedly of a lewd and obscene nature, did have a bearing on the intent of appellant. If they were shown to the children the trial judge could have considered them as bearing on the question of intent and whether they were shown to excite the sexual interest and curiosity of the children.

It has been pointed out that the admissibility of photographs depends largely upon the sound discretion of the trial court. If that court determines that their probative value outweighs any probable prejudicial effect and they add to the value of the evidence in assisting in the determination of the truth a ruling admitting them will not be disturbed on appeal. (*People* v. *Campbell,* 233 Cal.App.2d 38, 43 [43 Cal. Rptr. 237]; *People* v. *Harrison,* 59 Cal.2d 622, 626 [30 Cal. Rptr. 841, 381 P.2d 665].)

In this case, the trial was before a judge and not before a jury. The court could well be trusted to assess the photographs for their relevance.

The next question presented by appellant was whether he was effectively deprived of counsel because the trial court permitted the codefendant Hall to proceed in propria persona but did not sever the trial of the two defendants.

After one day of testimony the defendant Hall asked that the public defender be relieved and that he be permitted to represent himself without counsel. Up to this point the same public defender had represented both defendants at the trial. The court, after inquiry, granted Hall's request to represent himself, but denied the motion made on behalf of Hall by the public defender to sever the trial.

The argument of appellant is that the previously existing confidential relationship between the public defender and Hall precluded her from cross-examining Hall effectively.

The legislative policy is set forth in section 1098 of the Penal Code: "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials. . . ."

It has been held that the severance of trial lies largely within the discretion of the trial court. This discretion will *not ordinarily be disturbed on appeal*, and the appellate court will look only at the facts existing at the time of the motion and will not consider events that occurred afterward. (*People v. Gant*, 252 Cal.App.2d 101, 113 [60 Cal.Rptr. 154]; *People v. Clark*, 62 Cal.2d 870, 883 [44 Cal.Rptr. 784, 402 P.2d 856]; *People v. Eudy*, 12 Cal.2d 41, 46 [82 P.2d 359].)

The trial court discussed the matter with the public defender and the codefendant Hall. The latter stated that he was aware of the problem the public defender would have in cross-examining him and said: "I do not believe that I will say anything to hurt Mr. Gann's case. I am mainly concerned in my own case and will delve into that subject only." The public defender also stated that she did not think that a problem would arise. With these assurances from the codefendant and counsel for appellant, the court acted properly in refusing to grant a severance. No problem arose during the balance of the trial. There is no contention that the public defender representing appellant was hampered in her cross-examination of Hall. No prejudicial error appears.

The major thrust of the evidence and the more serious charges were directed against appellant. It was Hall who ran the risk of guilt by association with the appellant. No extrajudicial statement of either defendant in the trial was offered into evidence. The case of *People v. Aranda*, 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], cited by appellant, is not in point. That case is concerned with the problem of a joint trial where a confession of one defendant implicates a codefendant. *Aranda* does not hold that merely because a codefendant testified in the case that a right to severance automatically follows.

The recent case of *People v. Massie*, 66 Cal.2d 899 [59 Cal.Rptr. 733, 428 P.2d 869], which discusses rules relating to the discretion of the trial court to sever or refuse to sever trials involving codefendants, should be distinguished from the instant case. In that case, Vetter, one of the codefendants,

advanced four reasons for severance of the trial from code-fendant Massie: (1) Massie had given extrajudicial confessions accusing Vetter; (2) Massie's extensive criminal record would cause Vetter to suffer guilt by association; (3) strong evidence of Massie's guilt would be considered against Vetter, who was implicated by much weaker identification evidence; and (4) a conflict would arise between defendants as to the method of trial caused by Massie's desire to waive a jury.

The Supreme Court held that the trial court should have considered these reasons in determining whether or not to sever the trial of the two defendants. In the present case, unlike *Massie,* the motion was made well into the trial, counsel did not call any matters similar to the reasons offered in the *Massie* case to the attention of the trial judge, and none of the reasons set forth in the *Massie* case existed or arose during the trial of Gann and Hall.

The ruling of the trial court in the present case denying a severance of trials was proper.

The final argument of appellant concerns a delay of more than 21 days which elapsed between conviction and the date of sentencing.

Under section 1191 of the Penal Code, the court must "appoint a time for pronouncing judgment, which must be within 21 days after the verdict, finding or plea of guilty . . . provided, however, *that the court may extend the time . . . until the probation officer's report is received and until any proceedings for granting or denying probation have been disposed of. . . .*" (Italics added.)

In this case the defendant applied for probation. The reason for a delay in imposition of sentence was explained to him, he waived time for pronouncement of judgment, and the court continued the matter to receive the probation officer's report on such waiver. This action was entirely proper. (*People* v. *Moore,* 209 Cal.App.2d 345, 354 [26 Cal.Rptr. 36]; *People* v. *Washington,* 204 Cal.App.2d 206, 209 [22 Cal.Rptr. 185].)

On the date set for receipt of the probation report the court suspended proceedings to have the question of sexual psychopathy considered. Section 5501 of the Welfare & Institutions Code directs suspension of sentence during the period that such proceedings continue. Such examinations and proceedings take a certain amount of time, and a rigid application of the 21-day limitation of section 1191 of the Penal Code would defeat those provisions. While the mentally disordered sex

offender provisions do not specifically refer to section 1191, ". . . [R]eason dictates that they must be deemed to modify that earlier enactment." (*People* v. *Plaehn*, 237 Cal.App.2d 398, 400 [46 Cal.Rptr. 872].)

The appellant did not object to the delay in the trial court. Any right under section 1191 would thus be deemed waived. (*People* v. *Daly*, 168 Cal.App.2d 169, 174 [335 P.2d 503].)

█ The failure to impose sentence within the time specified is procedural not jurisdictional. (*People* v. *Washington*, *supra*, 204 Cal.App.2d 206, 209.) █ Good cause was shown for the delay in the application for probation, the waiver of time by the defendant, and the consideration of the sexual psychopathy proceedings. No miscarriage of justice resulted.

Appellant has not shown prejudice by reason of any delay. He was not in custody and has not produced any information that the Adult Authority has failed to credit his sentence with the time spent in custody before imposition of sentence.

The trial court heard this matter at considerable length without a jury. The appellant was vigorously and ably represented by the public defender. The trial judge gave appellant every post-conviction consideration. Appellant received a fair trial and his contentions lack merit.

Judgment of conviction is affirmed.

McCabe, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied March 19, 1968.