[Crim. No. 14964.    Second Dist., Div. Five.    Aug. 26, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LEWIS DONALD FRITZ, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Arthur B. Rosenfeld, Deputy Attorney General, for Plaintiff and Respondent.

REPPY, J.—Defendant was charged by information with a two-count violation of Penal Code section 211, robbery. The information charged that defendant was armed with a deadly weapon at the time of the commission of the offenses. In addition the information alleged that defendant had suffered a

prior felony conviction. On June 17, 1965, defendant, represented by counsel, was arraigned and pleaded "Not guilty," and denied the existence of the prior felony conviction. Defendant waived time for trial which was set for August 3, 1965. On that date defendant was present with counsel. He waived jury and consented that the case be tried on the evidence taken at the preliminary hearing. The transcript was received in evidence; and the case was continued to August 26, 1965, presumably to allow the trial judge to consider the material in the transcript and then to hear argument and render a decision.

The case was called on August 26, 1965. Defendant was not present. The bailiff said to the judge: "Your Honor, defendant Fritz went to Orange County.[1] I guess they got a court order[2] and got him." The matter was continued to August 30, 1965.

On August 30, 1965, defendant was present with his attorney. He advised the judge that defendant had no additional evidence, but he challenged the jurisdiction of the court to proceed, claiming it had been lost by the relinquishment of defendant to Orange County without acquiescence on his part.[3] He moved for a continuance so that he could present authorities on the point. The motion was denied. Defense counsel then advised the court that defendant had just told him that he wished to withdraw his waiver of a jury trial and his consent that the case be tried on the evidence contained in the preliminary transcript. Counsel made a motion to that effect which was denied. Then, obviously not taking any stock in defense counsel's suggestion that the court had lost jurisdiction, the judge found defendant "guilty as charged" on both counts. A date for sentencing was discussed. Defense counsel stated to the court: "May the record indicate that I am at this time moving for a new trial on the date that the Court sets the hearing." The matter was then set for "sentence and motion for new trial" for September 17th. On that date the case was called before a different judge. Defendant was not present. The bailiff said to the judge: "Your Honor,

[1]Orange County had a separate felony charge (also robbery) pending against defendant at that time.

[2]The record furnished us does not disclose this order. If one was made, and it seems most logical that it would have been, presumably it was by the presiding judge or assistant presiding judge directed to the sheriff.

[3]In fact, defendant claims in his verified statement in support of his motion to vacate judgment, which is under review, that he at all times protested against his removal to Orange County.

my book shows 'no go' on him, that he is in custody in Orange County.'' The judge ordered a bench warrant to be issued and executed.

On January 6, 1966 (129 days after defendant had been found guilty), with defendant and his attorney present, the case was called before the second judge. Defense counsel pointed out that in the interim defendant had gone to prison from Orange County.[4] The matter was continued to January 7 and, apparently, then to January 10, 1966, so that the trial judge could preside. The judge promptly asked if there was ''[a]ny legal cause why sentence should not now be pronounced?'' Defendant's attorney urged that the court had twice lost jurisdiction by reason of relinquishing defendant to Orange County and stressed that on the second occasion Orange County had not resurrendered him. Without labeling it a motion for a new trial, he also argued that it was mandatory that defendant be sentenced within the time prescribed by Penal Code section 1191 (21 days). The judge ruled against both causes and sentenced defendant to state prison on both counts. This was 133 days after defendant had been found guilty. The judge directed that the sentences on the two counts run concurrently with each other but consecutively with ''any sentence now being served by the defendant.'' (This, of course, was the Orange County sentence.) Defendant's counsel objected to this on the ground that if the court had kept defendant and proceeded to sentence him within the time required by Penal Code section 1191, it would have been impossible to impose sentences consecutive to that pronounced in Orange County. The judge remarking that counsel might have a point and that ''[i]t might be well if the Court on a higher level pondered the matter,'' remanded defendant to the sheriff for delivery to the Director of Corrections.

Defendant did not appeal. He asserts in his verified statement: ''Counsel of record stated he would appeal, but he did not appeal; furthermore, defendant has learned that his counsel of record was found guilty and sentenced by a federal court on a felony charge; whereby, defendant was unaware as

---

[4]It appears that in the meantime defendant was tried in Orange County and on October 7, 1965, was sentenced to state prison and in due course, apparently after also having been taken to San Bernardino County, was transported to the facility at Folsom. Defendant indicates in his verified statement that he had been delivered back to Los Angeles to be a witness in a case and while present for that purpose was brought to court for sentencing.

to how to proceed to attack the illegal judgment rendered by this court."

On August 14, 1967, defendant filed a notice of motion, with supporting papers, to vacate the judgment of January 10, 1966, imposing sentence. The motion came before a third judge on November 2, 1967. Defendant was present and represented by a deputy public defender. The judge denied the motion, remarking that that would "speed up the process as to any remedies . . . [defendant] might have." Defendant's appeal from the order denying the motion to vacate followed.

In both defendant's motion to vacate judgment and the brief on appeal, the following contentions are made (as to those which permit brief rulings, such rulings are indicated in parenthetical observations following the contention).

█ 1) The Los Angeles Superior Court ousted itself of jurisdiction to try and/or punish defendant either by relinquishing him to Orange County after setting the case for, but prior to conducting, trial, or by again so relinquishing him after finding him "guilty" and setting the matter for, but prior to, sentencing.

(Defendant cites no authority for this proposition. However the general rule is that ". . . a sovereign may surrender . . . an offender to another sovereign for trial without losing the right to have him returned for trial or punishment after judgment in the courts of the second sovereign has been rendered [citation], and that accused has no right to complain of the time or manner of exercise of the right, or of the failure to exercise it." (22 C.J.S., Criminal Law, § 111, p. 308-309; see also *People* v. *Jackson*, 165 Cal.App.2d 183 [331 P.2d 981], where the defendant was transferred between Alameda and San Francisco Counties and no concern was expressed as to any jurisdictional problem.)

2) Defendant's sentence on count II was void because that count had previously been dismissed.

(Perhaps defendant has the circumstances in the Orange County case confused with what occurred in this one. There was no such dismissal, and no reason for one. Defendant never asserted that such a step had been taken on several occasions when he undoubtedly would have, had such a dismissal been made or even proposed.)

3) The court failed to pronounce judgment within 21 days after conviction, a violation of Penal Code section 1191. Defendant was prejudiced by the delay for the following reasons: a) because it permitted the Orange County sentence to

intervene and become one as to which the trial judge felt he could direct the two-count sentences he was imposing to run consecutively; b) because it caused defense counsel to forget to move the court for a new trial; and c) because "the approximate five months" defendant waited to be sentenced (actually it was only 112 days beyond the statutory 21 days) is time the Adult Authority will not credit him with in connection with the term for his convictions in the instant case.

(Point (3) will be considered in more detail later in the opinion.)

██ In the brief on appeal the following points were raised which had not been included specifically in defendant's motion to vacate the judgment:

1) The judge hearing the motion to vacate judgment felt he lacked jurisdiction to pass on it, and he failed to consider it on its merits.

(However, after some discussion about the question, the judge accepted the fact that he had jurisdiction. He denied the motion rather than dismiss the proceeding for lack of jurisdiction. The record reflects that the judge carefully read and pondered over the compilation of documents submitted by the defendant.)

2) Sentencing is a part of the trial and the delay in carrying out this part of the trial deprived defendant of his constitutional right to a speedy trial.

(This point is parallel with the Penal Code section 1191 violation and will be treated with it.)

██ 3) Because the trial judge failed to find that he was armed with a deadly weapon, there was no basis for fixing the degree of robbery at first.

(The trial judge stated from the bench that he found the defendant "guilty as charged" and this was sufficient to include the factor of being armed because the information had included such a statement. This finding supported the fixing of the degree of robbery at first. (See *People* v. *Flohr*, 30 Cal.App.2d 576, 581 [86 P.2d 862]; *People* v. *Cooks*, 235 Cal.App.2d 6, 14 [44 Cal.Rptr. 819]; cf. *People* v. *Blackburn*, 261 Cal.App.2d 554, 559-560 [67 Cal.Rptr. 918], including footnote on p. 559.)

In the motion to vacate judgment, the following contentions were made which are not included in the points in the brief on appeal.

1) Defendant was denied permission to withdraw a plea of nolo contendere and substitute a plea of "not guilty."

872

(Defendant must have the circumstances in the Orange County case confused with those in the instant one. Here defendant pleaded "not guilty" in the first instance. Perhaps defendant has in mind the court's denial of his motion to withdraw his jury waiver and consent to trial on the transcript of the preliminary hearing. (This is dealt with later in this opinion.)

2) Defendant's attorney told him he would appeal the judgment imposing sentence and then he did not.

(Except as this circumstance bears on the availability of a presently existing remedy as to the claimed defect in the sentencing procedure, the subject is out of place. If defendant's desire was to be allowed the right to take a late appeal, he should have filed a petition with the Court of Appeal.)

3) Defendant did not have a fair and impartial court proceeding.

(This point should have been tested on appeal. In any event a review of the record indicates no basis for such a claim.)

**■ VIOLATION OF PENAL CODE SECTION 1191 AND RIGHT TO A SPEEDY TRIAL.**

The problem here is twofold:

1) Does defendant have available a method of attack other than the appeal he did not take, and, specifically, was the remedy of motion to vacate the judgment and is the remedy of appeal from the denial thereof available?

2) If defendant does have such a remedy, has he made a strong enough showing to entitle him to relief?

A number of California cases have held that failure to impose sentence within the time specified by Penal Code section 1191[5] is not jurisdictional but is a procedural error only; that it is thus cognizable on appeal; that, even on appeal, there should be no reversal so as to allow a new trial under Penal Code section 1202[6] unless prejudice is shown. *People* v. *Ford,* 65 Cal.2d 41, 47 [52 Cal.Rptr. 228, 416 P.2d 132]; *People* v. *Williams,* 24 Cal.2d 848, 850 [151 P.2d 244]; *People* v. *Zuvela,* 191 Cal. 223, 224-225 [215 P. 907]; *People* v. *Gann,* 259 Cal.App.2d 706, 716 [66 Cal.Rptr. 508]; *People*

[5]Penal Code section 1191 reads in part as follows: "In the superior court, after a . . . finding . . . of guilty . . . , the court must appoint a time for pronouncing judgment, which must be within 21 days after the . . . finding . . . of guilty . . . ." (There are various circumstances listed under which this time may be extended.)

[6]Penal Code section 1202 reads in part as follows: ". . . [I]f [judgment is] not . . . pronounced within the time . . . fixed . . . under the provisions of section 1191 . . . , then the defendant shall be entitled to a new trial."

v. *Plaehn,* 237 Cal.App.2d 398, 400 [46 Cal.Rptr. 872] ; *People* v. *Washington,* 204 Cal.App.2d 206, 209 [22 Cal.Rptr. 185] ; *People* v. *Stroff,* 134 Cal.App. 670, 672-673 [26 P.2d 315].)

It was also pointed out in *People* v. *Thomas,* 52 Cal.2d 521, 527 [342 P.2d 889], that ordinarily no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment.[7]

However, defendant urges that more than a violation of section 1191 of the Penal Code is involved ; that sentencing is a part of the trial which, under article I, section 13 (first clause), of the California Constitution and under the Sixth Amendment of the United States Constitution made applicable upon the states by the Fourteenth Amendment (*Klopfer* v. *North Carolina,* 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988] ; *Smith* v. *Hooey,* 393 U.S. 374 [21 L.Ed.2d 607, 89 S.Ct. 575]) must be speedy. The purpose of making this point apparently is to demonstrate that the right involved is one of constitutional dimension, making its violation reachable by remedies other than appeal and after time for appeal has lapsed. However, the normally given rationale for the speedy trial rule is not readily applied to the sentencing procedure. This rationale is that there is need to protect those accused from having criminal charges pending against them an undue length of time and from suffering anxiety due to public accusation ; that persons apprehended on suspicion have suffered long imprisonment because they were forgotten ; that long delay impairs the ability of the accused to defend. (*People* v. *Wilson,* 60 Cal.2d 139, 148 [32 Cal.Rptr. 44, 383 P.2d 452] ; *People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d 381] ; *In re Begerow,* 133 Cal. 349, 354-355 [65 P. 828, 85 Am.St. Rep. 178, 56 L.R.A. 513] ; *Smith* v. *Hooey, supra,* 393 U.S. 374, 378 [21 L.Ed.2d 607, 611, 89 S.Ct. 575].) No appellate decision has been found standing for the proposition that delay in sentencing is a constitutional violation.

In any event, if a non-speedy sentencing does assume that stature, the post-appeal-time remedy for that type of irregularity generally approved by appellate decisions is a petition for writ of habeas corpus (*In re Perez,* 65 Cal.2d 224, 229 [53 Cal.Rptr. 414, 418 P.2d 6] ; *In re Cruz,* 64 Cal.2d 178, 179 [49

---

[7] In *Thomas* an appeal from the order of denial was allowed because the defendant was making a claim that the judgment was void; the court warned that its ruling should not be considered general authority for the appealability of such an order. (P. 529.)

Cal.Rptr. 289, 410 P.2d 825]; *In re Boyce,* 51 Cal.2d 699, 700-701 [336 P.2d 164]; see also 2 Cal. Criminal Law Practice (Cont. Ed. Bar (1969)), § 21.7, pp. 357-358), and not a petition for writ of error *coram nobis* (*People* v. *Martinelli,* 118 Cal.App.2d 94, 97 [257 P.2d 37]) to which, it has been held, a motion to vacate judgment is akin. Irregularity in the procedure leading to and involved in the pronouncement of judgment is not cognizable under *coram nobis.* Defendant's place of detention at the time he filed his motion to vacate judgment was not, and presently is not, within Los Angeles County or the second appellate district, so there was and is no jurisdictional basis for the conversion of the motion to vacate or the appeal from its denial into a petition for writ of habeas corpus were the court so inclined.

Even if it is considered that an exception should be made to the rules of review along the lines done in *Thomas, supra* (perhaps in the interest of judicial efficiency, because a constitutional right can be said to be involved, and because counsel allegedly failed defendant in his avowed purpose to appeal) there remains the questions of (1) whether defendant has demonstrated prejudice to his interests and (2) of whether, if he has, his own delay in noticing his motion to vacate judgment should deprive him of the remedy.

Defendant cannot successfully claim prejudice by reason of the wait of 112 days beyond the 21-day period before sentencing, since the sentence was consecutive to that rendered in Orange County. Moreover, he has made no showing that the Adult Authority will not take the delay circumstance into consideration. (*People* v. *Chan Chaun,* 41 Cal.App.2d 586, 594 [107 P.2d 455].)

It cannot be said that defendant suffered prejudice because, as defendant urges, his counsel forgot to make a motion for new trial at the time the sentencing hearing actually was conducted.[8] There is no showing that the omission was due to forgetfulness. He did not forget that legal step. His argument that there had been a violation of Penal Code section 1191 must be considered a motion for new trial on the basis that

---

[8]At the time a date was being set for the sentence hearing, defense counsel's reference to a motion for new trial was ambiguous. ". . . I am at this time moving for a new trial on the date that the Court sets the hearing." Appellate counsel accepts the premise that trial counsel simply was advising the court that he was going to make and argue a motion for new trial on the date set for the sentence hearing. Appellate counsel raises the point only as an element of prejudice caused by the delay in that hearing.

that remedy, by Penal Code section 1202,[9] is the relief to be given for a violation of Penal Code section 1191. When the judge said, "The Court will overrule the objection" he, in effect, denied the motion for new trial on this ground. This was reviewable on appeal. It is true that defendant's attorney at the August 30th session did not urge as causes why judgment should not be pronounced (i.e., as additional grounds for a new trial) either error at law by reason of the denial of defendant's motion to withdraw his jury waiver and the submission of the case on the transcript of the preliminary hearing or insufficiency of the evidence. These grounds (at least the former) may have been in the mind of defendant's trial counsel when he advised the court on August 30, 1965, that he was going to move for a new trial at the time set for the sentencing procedure. However, there is no affidavit from defendant's trial attorney indicating that such was his intention and that he forgot; there is not even a sworn statement of defendant that his attorney told him that such was the case. Moreover, allowing withdrawals of the nature involved here is a discretionary matter, particularly when a defendant was represented by counsel when such a jury waiver and agreement to submit were made. The requests in the instant case came at a time when the case had already been tried by the introduction of the transcript into evidence and defense counsel's announcement that there was no other evidence and when objections against pronouncement of judgment for the stated causes had been overruled. There was no abuse of discretion. As to a possible claim of insufficiency of the evidence, every indication from the trial judge was that he was firm in his convictions. The trial was by preliminary transcript. A review of this by us shows substantial evidence to support the finding of guilt. There were no legal errors. With respect to the claimed point of prejudice arising from the direction that the sentence on the two counts in the instant case should run consecutively with the sentence then being served (which was that from Orange County), we cannot overlook the fact that if a judgment had been pronounced within the 21 days, this would have brought about a sentence to which the Orange County judge could have made his sentence run consecutively. Moreover, as indicated, defendant's remedy for the delay in sentencing, if it were to be given, is the granting of a new trial. To simply vacate the part of the judgment making the

---

[9]See footnote number 6.

sentence run consecutively with the Orange County sentence would be interfering with the province of the trial judge and would be an attempt to provide a different remedy than that set up by statute. Finally, it is noted that if a new trial were conducted and a conviction again resulted, a timely sentence would permit the consecutive provision.

Moreover, were a new trial granted, there would be encountered the likelihood of a counter-balancing prejudice to the prosecution brought about by the defendant's own delay in bringing his motion to vacate judgment. The prosecution would face the problems usually attendant to a delayed trial; difficulty of obtaining witnesses; handicap of failing memories; and possible lack of concern of jurors over stale offenses.

The order denying the motion to vacate the judgment is affirmed. The attempted appeal from the judgment is dismissed because the notice of appeal was very late as to it and there has been no compliance with rule 31a. The attempted appeal from the order denying the motion of defendant to dismiss counsel is dismissed since the matter is moot.

Stephens, Acting P. J., and Aiso, J., concurred.

A petition for a rehearing was denied September 22, 1969, and appellant's petition for a hearing by the Supreme Court was denied October 22, 1969. Peters, J., was of the opinion that the petition should be granted.